## St. Louis Southwestern Railway Company of Texas v. Connie Browning.

Decided March 22, 1909.

**1.—Evidence—Personal Injuries—Examination of Plaintiff by Physician.**

When in the course of his testimony the plaintiff, in an action for personal injuries, exhibits the injured parts to the jury, the defendant upon proper request is entitled to have a medical expert of his own selection to examine the parts in the presence of the jury and testify in relation thereto.

**2.—Same—Harmless Error.**

Where the plaintiff in testifying exhibited the injured parts of his body to the jury, and the court refused the request of defendant that a local surgeon be permitted to examine the injuries before the jury and testify as to their nature and extent, and it appeared that the surgeon named had examined the plaintiff on the day of his injury, that he had examined him on the day 'before the trial, being the last man to examine him and that he testified fully on the trial, and it did not appear that another examination was necessary to a full presentaton of all the facts in regard to the injuries, the ruling caused no substantial injury to defendant and furnished no ground for reversal.

**3.—Case Distinguished.**

Chicago, Rock Island & Texas Railway Company v. Langston, 92 Texas, 709.

**5.—Negligence—Defective Hand-Car—Charge.**

Where, in an action by the servant for personal injuries, the gravamen of the charge was that the defendant furnished him a defective hand-car to be used in the discharge of his duties, which was negligence on its part, and that by reason of such negligence he was injured, and it was alleged and the evidence showed that while he was engaged in operating the car the bull wheel of the car gave way by having been previously broken or having been worn, and he was thereby thrown and injured, a charge authorizing a finding for plaintiff if the jury found that defendant "in equipping the hand-car with a bull wheel which was defective or worn" was guilty of negligence and such negligence was the proximate cause of the injury, was not on the weight of evidence, nor objectionable as submitting an issue of negligence not made by the pleading and proof.

**6.—Argument—Improper Remarks of Counsel.**

Improper remarks of counsel in addressing the jury will not be cause for reversal, when, in view of their character, the facts that they were withdrawn by the counsel and the jury were instructed to disregard them, justify the conclusion that the appellant was not prejudiced by them.

**7.—Damages—Verdict—Personal Injuries.**

Where there was testimony from which the jury could conclude that the injured party sustained serious injuries from which he suffered much mental and physical pain, and which will, by reason of their injurious effects, cause him to continue to suffer in the future and impair his capacity to labor and earn money, a verdict awarding him damages in the sum of fifteen hundred dollars could not be held excessive.

Appeal from the District Court of Hunt County. Tried below before Hon. R. L. Porter.

*E. B. Perkins, D. Upthegrove* and *Templeton, Crosby & Dinsmore,* for appellant.—When a plaintiff suing for personal injury exhibits in the course of his testimony the injured parts to the jury, the defendant, upon proper request and application, is entitled to have a medical

expert, shown to be competent, to examine the parts in the presence of the jury, and to point out and to show the jury the true condition of the parts, and to point out all abnormal conditions of the parts. Chicago, Rock Island & Texas Railway Company v. Langston, 92 Texas, 714.

The charge is upon the weight of the evidence in that it assumes that the defendant equipped the handcar with a bull-wheel which was defective or worn, and there was no evidence showing or tending to show that the defendant had equipped its handcar with a defective or worn bull-wheel.

The said charge was error because it fails to submit to the jury the question of negligence as made by the pleadings and the proof, in this: The pleadings and proof raised the issue as to whether the defendant permitted a handcar having a broken or worn bull-wheel to be operated, and whether the defendant was negligent in so doing. But the court submits to the jury as a matter of negligence only the question as to whether the defendant equipped its handcar with defective or worn bull-wheel.

The court erred in permitting Hon. B. Q. Evans, plaintiff's attorney, while making the closing argument to the jury, to go out of the record and say that the defendant favored negroes above white men, and gave employment and jobs to negroes when white men wanted the employment and jobs, and thereby to inflame and prejudice the minds of the jury against the defendant, greatly to the injury of the defendant.

The trial court erred in permitting Hon. B. Q. Evans, attorney for the plaintiff, in the closing argument to the jury, to go out of the record and to say to the jury, in effect, that if plaintiff was not an honest man and industrious, and if he had not before the time of the accident been a sound and strong man, the defendant would have raked the whole country for witnesses, and would have brought to the trial the people who had employed plaintiff for years previous to testify about plaintiff, and thereby to prejudice the minds of the jury against the defendant, greatly to the injury of the defendant. Dillingham v. Scales, 78 Texas, 206; Railway Company v. Lowe, 86 S. W., 1060; Railway Company v. Langston, 92 Texas, 709; Railway Company v. Burton, 25 Texas Civ. App., 63.

*B. Q. Evans,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This is a suit for damages on account of personal injuries sustained by appellee while working for appellant as a section hand. The defendant company answered by general and special demurrers, a general denial, and by special pleas of assumed risk and contributory negligence. The case was tried before the court and a jury and resulted in a verdict and judgment in favor of the appellee for the sum of $1,500, and the railway company appealed.

*Conclusions of facts.*—Appellee was in the employment of appellant, working as a section hand. He had been at work for about

three weeks previous to the date of the accident which resulted in the injuries of which he complains. The section gang of which he was a member when engaged in working on the railroad track at different places were conveyed over the track to and from their work on hand-cars. On August 16, 1907, while appellee and three other members of the section gang were operating a handcar in the discharge of their duties, the bull-wheel of the car, because of having been previously broken or badly worn, gave way and caused appellee to be thrown on the car with great violence, injuring the spermatic cord and members thereof, and causing him to have and suffer with a disease known as varicocele. As a result of appellee's injuries, which are to some extent probably permanent, he has suffered mental and physical pain, and will probably suffer such pain in the future. The furnishing of said handcar with the broken or worn bull-wheel to convey appellee to and from the different places on its track in order that he might perform the service required of him, was negligence on appellant's part and such negligence was the proximate cause of appellee's injuries. Appellee did not assume the risk of injury from the use of said defective car and was not himself guilty of contributory negligence.

*Conclusions of law.*—While the plaintiff was upon the witness stand testifying in his own behalf, at the suggestion of his counsel he exhibited to the jury the injured parts of his body, after which defendant introduced Dr. C. E. Cantrell, its local physician and surgeon, and requested that Dr. Cantrell be permitted to examine plaintiff's injuries before the jury and testify in regard to the nature and extent thereof. To the proposed examination plaintiff's counsel objected on the ground that the evidence showed that Dr. Cantrell had examined plaintiff about three days before the trial, and the objection was sustained. This action of the court is made the basis of appellant's first assignment of error. It has been held in this State, in effect, that when the plaintiff in an action for personal injuries in the course of his testimony exhibits the injured parts to the jury, the defendant upon proper request is entitled to have a medical expert of his own selection to examine the parts in the presence of the jury and testify in relation thereto. (Chicago, Rock Island & Texas Ry. Co. v. Langston, 92 Texas, 714.) But we are of the opinion there was no material error in refusing the defendant's request in this instance. The testimony shows, and in explanation of the ruling upon the question the trial judge in a statement appended to the bill of exceptions reserved says: "Dr. C. E. Cantrell was the first man to examine him (plaintiff) after he was injured, examining him on the same evening when he was injured. The proof also showed that Dr. Cantrell was the last man that had examined him before the trial, he having examined him the day before the trial." In further explanation of his ruling the judge says: "The request was made near the close of the case, and I did not compel the parties to submit to the examination because I regarded the question as coming too late, and because I believed that the railway company had had an ample opportunity for Dr. Cantrell, a local surgeon, to examine him." Dr. Cantrell, it seems,

testified fully upon the trial, and it does not appear that a further examination of the plaintiff by him was necessary to enable him to more definitely and accurately state the character and extent of plaintiff's injuries. No such claim was or is made by appellant. The plaintiff, at the times stated by the court in his explanation appended to the bill of exceptions, willingly submitted to the examinations made by Dr. Cantrell, and no obstacle was interposed by him or encountered in said examination, to a thorough examination and ascertainment of the exact nature of plaintiff's injuries in so far as a knowledge of them could be acquired by such an examination as the skill of the doctor would enable him to make. It not appearing that the examination requested was necessary to a full or fuller presentation of all the facts in relation to plaintiff's injuries, appellant has sustained no substantial injury by the court's action, and it therefore furnishes no good reason for a reversal of the case. The case is clearly distinguishable in the facts from the case cited. In that case the question was whether or not the plaintiff, whose legs had been amputated, was then or would be able in the future, with proper care and treatment, to wear or use artificial limbs. The physician offered by the railway company to make the examination before the jury had not previously examined the plaintiff, and stated that if they were permitted to examine her they could with reasonable certainty determine whether the stubs of her limbs would ever get well enough for her to wear artificial limbs. A physician for plaintiff had testified that she could not use artificial limbs, and under those circumstances the court said the proposed examination should have been allowed.

Appellant's second assignment of error complains of the following paragraph of the court's charge, viz.: "Now, if you find from the evidence that on that date, while plaintiff and three other men were engaged in operating a handcar on the defendant's road east of Greenville, going to their work, the bull-wheel of the handcar gave way, and if you further find that it gave way by having been previously broken or by having been worn, and if you further find that the giving away of the bull-wheel, if it did, caused plaintiff to be thrown on the car with great violence and he was thereby injured as claimed in his petition, and if you further find that the defendant in equipping the handcar with a bull-wheel which was defective or worn, as claimed in the petition, if you find that it was defective or worn, was guilty of negligence, as that term is defined in the first paragraph of this charge, and if you further find that such negligence, if any, was the proximate cause of plaintiff's injuries, if any, then you will find for the plaintiff, but unless you so believe you will find for the defendant." This clause of the charge is objected to on the ground (1) that it is upon the weight of the evidence in that it assumes that the defendant equipped the handcar with a bull-wheel which was defective or worn, when there was no evidence tending to show that the defendant had equipped said car with a defective or worn bull-wheel; (2) that the charge fails to submit to the jury the question of negligence as made by the pleadings and proof, in this, the pleadings and proof raised the issue whether the defendant negligently permitted a handcar having a broken or worn bull-wheel to be operated, but that the court

submits to the jury as a matter of negligence only the question whether the defendant *equipped* its handcar with a defective or worn bull-wheel. The charge was not upon the weight of the evidence, nor do we think appellant has suffered any injury by reason of the particular question of negligence on appellant's part submitted for the determination of the jury, or the manner in which it was submitted. We are unable to see any material difference in the issue submitted to the jury and that which appellant contends should have been submitted. The substance of the issue made by plaintiff's petition and the evidence offered by him was that appellant furnished him a defective handcar to be used in the discharge of his duties, which was negligence on its part, and that by reason of such negligence he was injured. This was the gravamen of the charge and the testimony was amply sufficient to authorize the submission of the issue to the jury. Plaintiff alleged in substance that the defendant furnished the section gang of which he was a member three handcars, which were used, and necessary for the purpose, to carry the men to and from their work and to carry the tools and material to the different points along the railroad; that while he and other section men were engaged in operating one of said cars for the purpose of carrying the men to their work the bull-wheel of the car gave way by having been previously broken or having been worn, etc., and he was thereby thrown upon the car and injured. Appellant was undoubtedly responsible for the equipment of the car, and the undisputed evidence shows, as we understand it, that the bull-wheel was broken or defective by reason of having been badly worn previous to the day the accident occurred. So that the jury was authorized to find that appellant had equipped the car furnished appellee with a bull-wheel which was defective or worn, and that in so equipping and furnishing said car appellant was guilty of negligence. The jury, in our opinion, was in no way misled by the form of the charge, and the assignment complaining of it will be overruled.

The third and fourth assignments complain, respectively, of certain remarks made by counsel for appellee in his closing argument to the jury. The record shows that plaintiff's attorney, after he had concluded his argument and upon being informed that exceptions had been taken to the remarks complained of in the third assignment, again addressed the jury and stated to them that said remarks may have been unjustifiable, and that he desired to withdraw them, and in addition thereto the jury was instructed by the court to disregard said remarks. This, in view of the character of the remarks, justifies the conclusion that appellant was not prejudiced by them. And if, in view of the evidence, it can be said that the remarks complained of by the fourth assignment were improper, still we are not prepared to say that they so far exceeded the bounds of legitimate argument as to warrant a reversal of the judgment.

Nor do we think this court would be justified in holding that the verdict is excessive. There was testimony from which the jury could conclude that appellee sustained serious injuries from which he suffered much mental and physical pain, and which will, by reason of

their injurious effects, cause him to continue to so suffer in the future and impair his capacity to labor and earn money.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.