### KENNEY v. LA GRONE.
No. 9063.

Court of Civil Appeals of Texas. San Antonio.

June 28, 1933.

Rehearing Denied July 27, 1933.

T. M. West and Nat L. Hardy, both of San Antonio, for appellant.

R. B. Russell, Walter Groce, and Edward Dwyer, all of San Antonio, for appellee.

SMITH, Justice.

This action was brought by Mrs. Rachel La Grone against Dr. John W. Kenney, to recover damages for injuries alleged to have been sustained by Mrs. La Grone by reason of negligent administration of X-ray treatments by Dr. Kenney. The latter denied having ever on any occasion treated Mrs. La Grone, or that she was ever at any time his patient, or that he even knew her. A jury found and the court rendered judgment in favor of Mrs. La Grone in the sum of $10,450, from which appellee remitted $4,000, and from the amended judgment for the remainder, $6,-450, Dr. Kenney has appealed.

In his first assignment of error appellant complains of the asserted refusal of the trial court to grant appellant's motion to compel appellee to submit to a physical examination by doctors of appellant's selection, it being shown in this connection that appellee's alleged injuries were voluntarily exhibited by her to the jury while she was upon the witness stand. The settled general rule in this state is that a person suing for damages for personal injuries cannot be compelled to submit to a physical examination by physicians of either the defendant's or the court's selection.

But this rule is subject to this exception, that when such person voluntarily exhibits the injured part of his body to a jury during the trial of his case, he thereby waives the inherent inviolability of his person and immunity from examination by experts. In such case, speaking generally, the defendant may properly demand that the plaintiff submit to reasonable examination by reputable physicians of defendant's selection, and the trial court's refusal of the defendant's motion therefor constitutes error. Chicago, R. I. & T. Ry. Co. v. Langston, 19 Tex. Civ. App. 568, 47 S. W. 1027, 48 S. W. 610; Id., 92 Tex. 709, 50 S. W. 574, 51 S. W. 331; Houston & T. C. Ry. Co. v. Anglin, 99 Tex. 353, 89 S. W. 966, 2 L. R. A. (N. S.) 386; Galveston, H. & S. A. Ry. Co. v. Chojnacky (Tex. Civ. App.) 163 S. W. 1011; St. Louis Southwestern Ry. Co. v. Browning, 54 Tex. Civ. App. 521, 118 S. W. 245; Panhandle & S. F. Ry. Co. v. Sedberry (Tex. Civ. App.) 46 S.W.(2d) 719; Bower v. Lively (Tex. Civ. App.) 11 S.W.(2d) 556.

But such error does not necessarily require reversal. It is only when the error has apparently or probably resulted in injury to the defendant that the judgment should be reversed, which is but a restatement of the general rule where error has been committed in the trial of a cause. No such injury has been made apparent, or appears probable, in this case. In the first place, appellant's demand for an examination by doctors of his own selection, if specifically made at all, was made so loosely and so indirectly and so haltingly and uncertainly as to require a somewhat forced construction and application to entitle it to consideration as a direct, specific, efficient demand. Appellant jockeyed along a whole day through upon the question, badgering the plaintiff and her counsel, stopping repeatedly just short of a specific demand for an order requiring appellee to submit to an examination. The incident eventuated in a halting order overruling appellant's "motion," without a showing whether the motion ruled upon was one to appoint doctors of appellant's selection, or one to appoint doctors of the court's selection. If the latter was the motion acted upon, then it was properly overruled, for according to all authorities, a trial judge may never be required to select such commission. We arrive at the conclusion that appellant did not efficiently move the court to appoint a commission of appellant's own selection, and therefore he did not bring his case within the rule invoked.

Appellant's contention for reversal upon this point must be overruled for another reason, to wit: Appellant did not show, or attempt to show, that the examination demanded was necessary to enable him to more certainly establish his contention that appellee's condition was due to eczema rather than X-ray burns. No witness, expert or otherwise, intimated that such witness could more certainly diagnose appellee's case by further examination of her. All of them stated that appellee's condition was due to eczema rather than X-ray burns, and there is no contention that the proposed examination would

have enabled them to testify to the fact more positively than they did. Assuming that appellant efficiently insisted upon his right to the proposed examination, the error in the refusal thereof is not shown to have resulted in any injury or prejudice to him, and none is inferable from the record. Ry. v. Browning, supra. More than that, such injury is negatived by the record.

As a matter of fact, one of appellant's medical experts was freely permitted by appellee to make a physical examination of her alleged injured parts, in the presence of the jury, and upon such examination, which appears to have been unrestricted, the witness reiterated his previous testimony, in confirmation of all other medical experts put on by appellant, that appellee's condition was due to eczema rather than to X-ray burns. It is apparent, at least the contrary cannot be inferred from the record, that each of appellant's array of medical experts, when he went on the witness stand, would have been given a like privilege by appellee had it been asked for. The whole record indicates that appellant was more anxious to save this point than to procure the coveted examination. There is no merit in appellant's assignments of error upon this point.

■ In this case the fact was elicited by her own testimony and that of her own witnesses that appellee had been and is still afflicted with eczema of the external ear, and has been receiving treatment therefor since early in 1930, including several X-ray treatments; whereas, the X-ray operations complained of here are alleged to have occurred a year later, in 1931. There was evidence upon the one hand that appellee's present condition, as manifested by discolorations upon her face and neck and arms and the upper part of her body, was caused by exposure to X-ray heat, and, upon the other hand, that such condition was due to the disease, eczema. The medical experts sharply differed upon this. The jury did not find, directly, that appellee was injured by the X-ray treatment. In fact, that specific issue was not submitted to the jury, but the court assumed such injury in questions designed to elicit the *cause* of the injury so assumed. As appellant does not complain of such assumption, however, he will be held to have acquiesced therein.

The court submitted the issues of whether appellant exposed appellee to the X-rays (1) "for too long a time," and (2) without the use of "any protecting device"; (3) whether such act and omission, each, constituted negligence on the part of appellant, and if so, (4) was each a proximate cause of appellee's "injuries." The jury answered each issue in the affirmative. The alternative issue, of whether appellee's assumed "injuries" were caused by the disease of eczema, was not submitted to the jury, and the special issue thereon proposed by appellant was refused by the trial court.

■ Appellant complains of that refusal in errors assigned in his brief. The majority of this court is of the opinion that in that ruling the trial court did not commit reversible error, for the simple reason that appellant, while expressly pleading sundry special defenses, did not expressly or even inferentially plead the defense of eczema. The theory of eczema developed in the early part of the trial, along with appellee's case. Appellant could easily have set up that defense by trial amendment at any time, and thereby forced its submission to the jury. But he made no attempt to do so, and the majority hold that he cannot now complain of the trial judge's refusal to submit an issue of which appellant himself thought so little that he would not plead it. Speer's Special Issues, § 92, and authorities there cited.

■ Further, appellant's request for the submission of the defense of eczema was properly refused, because inefficiently made, through the proposed issue, "Is Mrs. Rachel La Grone's condition the result of a disease known as eczema?" There was no dispute about the presence of eczema in appellee's "condition." The true question, on that phase of the case, was that of whether the alleged disabilities of which appellee complained were proximately caused by the disease, eczema. The question tendered by appellant did not correctly present that issue, and its mere refusal did not present reversible error, even if that defense had been pleaded. Armour & Co. v. Tomlin (Tex. Com. App.) 60 S.W.(2d) 204. For the several reasons stated, we overrule appellant's eighth assignment of error, and the ninth as well, for like reasons.

■ In his tenth, eleventh, and twelfth assignments of error appellant complains of the issue through which the court submitted the measure of damages, and explanatory instructions relating to that issue. We overrule those assignments upon the conclusion that those charges were not subject to the specific objections made to them below, to which objections appellant must be restricted on appeal. Nor are special issues 1 and 2 subject to the objections made to them by appellant and presented in his thirteenth and fourteenth assignments of error, which will be overruled, as will be the fifteenth and sixteenth, which are without merit.

■ Appellant complains vigorously of the size of the verdict, even after entry of the remittitur of $4,000, which appellee insists she voluntarily made after judgment. The complaint is well provoked by the record, for the amount of recovery is obviously in excess of that warranted by the evidence. We have concluded that in no event is appellee shown

to be entitled to more than $5,000. It is therefore ordered that if appellee shall, within ten days, file a remittitur of $1,450, judgment for the remainder, $5,000, with interest thereon as provided in the judgment below, will be affirmed at the cost of appellee; otherwise the judgment will be reversed and the cause remanded.

Affirmed, on condition.