C. A. REILLY V. S. W. BUSTER ET UX.

No. 6387.   Decided May 22, 1935.
(82 S. W., 2d Series, 931.)

*D. A. Frank, Reeder & Reeder,* and *W. P. Bondies,* for plaintiff in error.

An ex parte oral deposition having been wrongfully taken may not be used for any purpose whatsoever in the trial of a law suit. R. S. Art. 3752; Farmers & Merchants' National Bank of Abilene v. Ivey, 182 S. W., 706 Chapman v. Leverton, 263 S. W., 1086; Parker v. Chancellor, 78 Texas, 524, 15 S. W., 158.

*Sanders & Scott,* of Amarillo, for defendants in error.

The taking of ex parte oral depositions of parties is permitted by statute and is not reversible error. R. S. 1925, Article 3752; Taylor v. Shuffield, 52 S. W. (2d) 788; 17 Tex. Jur., sec. 238.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This was a suit by defendants in error, S. W. Buster and wife, Mary Frances Buster, against plaintiff in error, C. A. Reilly, for damages because of an injury to Mrs. Buster. The evidence with reference to the accident and the injury to Mrs. Buster is practically undisputed. On the night of September 20, 1931, Mr. and Mrs. Buster were traveling south on State Highway No. 33 from Amarillo to Canyon. When about ten miles from Amarillo they came to the scene of an accident which had occurred upon the highway a few minutes prior to their arrival. They stopped their car off the pavement a short distance from the wrecked cars and walked to the place of the occurrence. While engaged in waiting upon a woman who had been injured, and while standing near the western margin of the pavement, Mrs. Buster was struck by a truck going north and was severely injured. It cannot be

questioned that the truck which struck Mrs. Buster was driven by one G. R. Carlton and all witnesses testify that it was being driven at a rate of speed of 35 or 40 miles per hour. Certain rubbish had been left on the highway after the wreck of the cars, and it seems reasonably certain that when Carlton approached this rubbish he turned the truck to the west side of the highway, and in doing so ran the truck against Mrs. Buster, knocking her to the ground and injuring her severely. It is shown that quite a number of cars had stopped on the side of the highway, some turned north and some turned south, and that several of them had their headlights burning, so that the road where Mrs. Buster stood when struck was well lighted. There appears no reason why Carlton could not have seen the cars and people on the side of the highway, as well as the rubbish in the road in ample time to have brought his car to a stop or in time to have reduced his speed and prevented the accident.

Neither Carlton nor plaintiff in error Reilly was present at the trial and no testimony was offered in behalf of plaintiff in error. The jury found Carlton guilty of negligence in several particulars, one of which was in driving upon the left side of the road at a high rate of speed. Numerous objections were made to special issues submitting the questions of negligence. The Court of Civil Appeals held that as the evidence showed beyond dispute that Carlton was guilty of negligence as a matter of law, which was the proximate cause of the injury to Mrs. Buster, the matters complained of, if erroneous, were not such as to require a reversal of the case. 52 S. W. (2d) 521. In this holding we agree with the Court of Civil Appeals and we think proper disposition was made of all questions with reference to unavoidable accident, contributory negligence, and failure to submit the affirmative defenses alleged by plaintiff in error. None of these matters were raised by the evidence. We refer to the opinion of the Court of Civil Appeals for a discussion in detail of these various matters.

As the case must be reversed for the reason hereinafter mentioned, we suggest that if upon another trial it becomes necessary to submit to the jury issues of negligence and contributory negligence, that the usual terms employed in a charge, such as negligence, ordinary care, proximate cause, etc., be defined in accordance with the form which has now become practically standard.

Among the questions submitted to the jury and answered by them in the affirmative were the following:

"(c) Was such truck, at the time plaintiff was, if she was, so struck by it, operated by G. R. Carlton? and,

"(d) Was such Carlton, when he did, if he did, so operate said truck, acting as the agent of C. A. Reilly? and,

"(e) Was such truck, if any so operated, owned by the said C. A. Reilly?"

Except for statement contained in what purports to be the ex parte deposition of plaintiff in error Reilly, the testimony tending to show that the truck which struck Mrs. Buster belonged to Reilly and the testimony tending to show that Carlton was operating the truck as agent of and on behalf of Reilly was very meager. Obviously for this reason counsel for defendants in error offered in evidence the purported ex parte deposition of Reilly taken orally. As shown by the bill of exception this deposition was objected to for various reasons including the following:

"1. That the so-called deposition was taken without any notice whatsoever to the defendant or his attorneys;

"2. That ten days written notice was not given by the plaintiff to the defendant of their intention of taking said deposition;

"3. Because there is no provision in the law for taking the ex parte oral deposition of the defendant without notice;

"4. An examination of the so-called deposition shows on its face that it was taken without the authority of a commission;

"5. Because the said deposition does not show to have any commission accompanying the same;

"6. Because the said deposition does not show to have been returned in an envelope into court, as required by law."

The bill of exception has a qualification which shows, among other things, the following: That there was a commission found among the papers, but it was not attached to the answers of Reilly and did not bear any file mark; that the answers alone bore a file mark; that no envelope was found among the papers; that the clerk testified to having received the depositions from the postoffice and that he opened and delivered same to attorney for defendants in error. The Clerk also testified to having issued a commission which he turned over to attorney for defendants in error and attorney for defendants in error testified to having delivered the commission to the Notary Public. He further testified he was present at the time the answers were taken; that he propounded the questions orally and heard Reilly answer same; that he saw the stenographer take them

down and saw Reilly sign same. If there was any caption to the deposition it is not shown in the record. The jurat shows that the answers were subscribed and sworn to by Reilly before the Notary Public, and the certificate shows that the answers were given by Reilly, reduced to writing by the stenographer and signed by Reilly.

Notwithstanding this qualification by the trial court, and giving full effect to all that is stated therein, it still appears that this so-called deposition was taken without any notice to plaintiff in error or his attorney, and it still appears true that it "shows on its face that it was taken without the authority of a commission." This is expressly stated in the bill, and while it appears that a commission was issued and was handed to the Notary Public, still there is nothing recited in the deposition showing that it was taken by virtue of the commission. There is nothing in the qualification showing the statement quoted above to be untrue.

Plaintiff in error contends that the admission in evidence of this ex parte deposition was error. The Court of Civil Appeals held that while the deposition was invalid as such and inadmissible as a deposition, nevertheless it was admissible as an admission on the part of Reilly. This presents the only serious question in the case.

Under the common law a party-opponent was not compellable to be a witness at the demand of the other party. It required statutory authority to enable one party to obtain the testimony of the other even at the trial. To meet this situation by Act of February 5, 1858, the Legislature made provision by which one party could examine the other party as a witness upon the trial of the case, and also by which one party could take the ex parte depositions of the other. This Act is now in substance Articles 3711 and 3769 of the Revised Statutes of 1925. Under the law as it has been since 1858 the ex parte depositions of a party to a suit could be taken without notice and without service of a copy of the interrogatories, but it was necessary to file the interrogatories in the cause before commission could issue; and it was necessary that the depositions be taken in pursuance of a commission. It is obvious that the requirement that the interrogatories be filed in the cause is a valuable one as far as the opposing party is concerned. Mulligan v. Omar Gasoline Co. (Com. App.), 49 S. W. (2d) 706; Farmers & Merchants Bank v. Ivey, 182 S. W., 706. The filing of the interrogatories took the place of notice.

Prior to the Act of February 7, 1919, there was no provi-

sion in the law for taking the oral depositions of a party to a suit. On that date the Legislature amended what is now Article 3752 of the Revised Statutes which provides for taking oral depositions by adding the words "and of any party to a suit." This, however, was the only amendment made, and all the other provisions contained in Articles 3753 to 3774 remained unchanged. One of the requirements is the giving of ten days notice in writing by the party desiring to take the depositions to the opposite party or his attorney of record.

As the taking of testimony by depositions is purely a matter of statute, it is required that the statue be substantially and fairly complied with in all of its provisions.

2   From the foregoing it is very certain that the so-called ex parte deposition in this instance was no deposition at all and should not have been admitted as such. This being true, could the answers of plaintiff in error be treated as admissions? And if so would this cure the error of allowing them to be read to the jury? It seems to us these questions are answered by the mere statement that the answers were not offered merely as admissions, but were offered as deposition testimony given under the solemnity of an oath.

While there are decisions apparently to the contrary, this court is now of the opinion that answers of a party given under such circumstances as prevail here are not admissible as declarations or admissions. It is true that admissions voluntarily made by a party-opponent have always been regarded as admissible at the instance of the other party, yet the present situation rests upon another foundation. It must be remembered that the right of one party to a suit to compel another to testify is purely statutory, and the statute has furnished ample means for obaining the testimony of a party when desired. Certainly that method is exclusive. Not being compellable to give his testimony to his opponent, except in the manner provided by statute, it must be assumed that the plaintiff in error in answering the questions was doing so under the belief that the notary was acting under legal authority and within the scope of his official duty. While therefore he may have voluntarily appeared before the officer and may have given his answers without protest, yet so far as defendants in error are concerned they were attempting to *compel* their adversary to testify by the method provided by law; and they offered his answers on the theory that they were obtained in a statutory manner. Having sought the involuntary testimony of their opponent by a statutory method and having

offered it as deposition testimony, if it now be regarded as such—under the supposition that it was admissible as an admission,—it seems to us this necessarily results in a party obtaining his opponent's testimony under the semblance of statutory authority without a compliance with it. This is in direct circumvention of the statute.

It was unquestionably error in this instance to admit the answers of plaintiff in error as *deposition testimony*. Being in that *form* we are unable to see how the admission of the answers could be justified on the theory that they may be regarded as mere admissions, because the jury no doubt gave them effect according to their *form* as sworn testimony. For this reason is would seem difficult to restrict or limit answers of a party taken under circumstances such as are present here so as to make them admissible merely as admissions, but it is not necessary to decide whether or not they would be inadmissible under all circumstances.

We are therefore of the opinion that the trial court and the Court of Civil Appeals erred in holding that the admission of these answers was not reversible error.

As the case must be remanded for another trial we take occasion to say that we think the argument of counsel complained of in the 16th, 17th, 18th, 19th and 20th assignments of error was improper. We also think the matter complained of in the 21st assignment of error was improper. These matters will no doubt not occur on another trial.

The judgments of the trial court and of the Court of Civil Appeals are hereby reversed and the case remanded for another trial.

Opinion adopted by Supreme Court May 22, 1935.