the power to prescribe a remedy would be a still greater wrong."

 Plaintiffs in error call upon us to adopt the views of a court of a sister state expressed in this language: "If those entrusted with the custody of public funds, or those whose duty it is to protect the public interests are. remiss in their duty, or refuse to act, the taxpayer should be permitted to do so, and the courts, in the exercise of a sound discretion, will prevent any abuse of the privilege." Once the right of citizens to bring suits of this nature is granted, under our system of practice the courts would be compelled to try them in the same way as they do other suits, and we know of nothing they could do to prevent the abuse of the privilege. But we are not called upon to decide either whether citizens would abuse the privilege, if granted, or whether it should be granted. What we decide is that it has not been granted. Whether or not it would be a wise public policy to grant it is a legislative, and not a judicial question.

The judgments of both the trial court and the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court.

HARVEY, Commissioner.

In our original opinion, filed December 9, 1936, in the above cause, the judgment of the trial court and that of the Court of Civil Appeals [70 S.W.(2d) 226] were ordered reversed and the cause remanded. G. E. Lucas, one of the defendants in error, has filed a motion to correct our opinion in the respect stated, to the extent of affirming the judgment of the trial court and that of the Court of Civil Appeals in so far as the cross action by the plaintiff in error against G. E. Lucas is involved. To the extent stated, the motion is granted, and our original opinion is here now corrected and amended so as to show, as was originally intended, that the judgment of the trial court and that of the Court of Civil Appeals are affirmed, so far as the cross action of the plaintiff in error against G. E. Lucas is involved; but in all other respects the judgments of both said courts are reversed and the cause is remanded. The clerk is directed to correct the judgment of this court accordingly.

Opinion adopted by the Supreme Court.

## EL PASO ELECTRIC CO. v. RAYNOLDS HOLDING CO. et al.
### No. 2037—6789.

Commission of Appeals of Texas, Section A.
Jan. 13, 1937.

## INTERNATIONAL–GREAT NORTHERN R. CO. v. LUCAS et al.

Motion No. 12750; No. 2016—6751.

Commission of Appeals of Texas, Section A.
Jan. 13, 1937.

Sewell, Taylor, Morris & Garwood and W. J. Knight, all of Houston, and B. F. Davis, of Jacksonville, for plaintiff in error.

King, Wood & Morrow and H. E. Cox, all of Houston, Seale & Thompson, of Nacogdoches, Norman & Norman, of Rusk, G. W. Gibson, of Jacksonville, and Smithdeal, Shook, Spence & Bowyer, of Dallas, for defendants in error.