**YOUNGER BROS., Inc., v. POWER.**

No. 10594.

Court of Civil Appeals of Texas. Galveston.

June 2, 1938.

Rehearing Denied July 14, 1938.

J. W. Ragsdale, of Victoria, John T. Vance, of Edna, and Fulbright, Crooker & Freeman, of Houston (M. C. Chiles and James F. Bobbitt, both of Houston, of counsel), for appellant.

Rose & Sample, of Edna, and Walter M. Nold, of El Paso, for appellee.

GRAVES, Justice.

As finally determined below, this appeal is from a $5,165.18 judgment in appellee's favor against appellant, entered by the district court of Jackson County upon a jury's verdict in response to special issues, wherein it was found that one of appellant's trucks, with trailer attached, had negligently damaged the appellee in that sum in a collision with his automobile on highway No. 12, about four miles north of Edna, Texas, on the night of August 12 of 1934.

Appellant had separately appealed from a prior order of the same court overruling its plea of privilege to be sued in another county than Jackson, which was prosecuted in the Beaumont Court of Civil Appeals, and determined adversely to the appellant, as reported in 92 S.W.2d 1147.

As indicated, the appeal now at this bar is from a final trial on the merits in the court below; the jury returned a verdict of $5,703 in the appellee's favor, which, on the filing by him of a remittitur in the sum of $537.82, was then reduced to the final figure stated supra, after a full hearing upon evidence from both sides on motion for new trial.

At the outset, the appellee objects to this court's consideration of a number of appellant's assignments and propositions, upon the ground that they are not in conformity to the statutes and rules applying in such circumstances. While it seems clear that several of these criticisms are well taken, no specific ruling will be made upon them, under the further conclusion that the appellant does in other assignments raise the structural questions upon which it is determined this appeal should be disposed of.

The briefs of both parties and the record in this court are inordinately long, but since its rule designed to stop that practice, No. XII, was adopted subsequent to their filing here, none of its penalties may be imposed in this instance.

It is this court's conclusion—after laborious and painstaking study of this entire record—that this thus-extended controversy presents no new nor unsettled questions of law, but only what may be comprehensively denominated a fact-case; not only so, but that study further convinces it that the great body of the evidence upon the really few controlling questions of fact involved only presented such conflicts as it was the jury's exclusive province to resolve, and that its verdict upon them—entered, as it is thought to have been, upon sufficient evidence in each instance—finally settled the cause.

As this court sees it, the controlling one of these issues—made so by the pleadings and the evidence of the opposing parties themselves—was this: Which one of the cars was at the time of the collision being operated on its own left-hand side, or the wrong side, of the 18-foot paved highway upon which they so met while going in opposite directions thereon?

Each of the parties so charged the other with being on the wrong side of the road, that that was negligence proximately causing the accident, and each of the drivers of their respective cars (the appellee driving his own car, appellant's truck being driven by Walter Dawson) testified that he himself was on his own right and proper side of the road, while the other was on his own left and wrong side; the undisputed evidence showed that appellant's trailer and the appellee's car came together some 3 to 5 feet from the trailer's end, and the jury found in answer to specific issues (Nos. 1 to 3, directed at appellant's driver's position at that exact time, Nos. 10 and 11 at the appellee's) that appellant's truck and trailer was then being negligently operated on its left side of the center line of the highway, which

was a proximate cause of the appellee's injury, while the latter's car was not being so wrongfully operated; issues 12 and 14 further acquitted the appellee either of being under the influence of intoxicating liquor while so driving his own car at the time, or of operating it at a greater rate of speed than 45 miles an hour.

In answer to further specially-requested issues Nos. 2, 14, 20, 22, and 24, the appellee was additionally acquitted of having operated his car at the time of and just prior to the collision either at an excessive and dangerous rate of speed, or at a greater rate than a person of ordinary prudence in the exercise of ordinary care would have done under the same or similar circumstances, or of having failed to exercise ordinary care—as defined by the court—to have his car under reasonable control, or of having failed to keep a proper lookout ahead for other vehicles on the highway, or of having failed to exercise ordinary care to reduce the speed of his car upon approaching appellant's truck and trailer.

It thus becomes indisputable that the parties joined issue upon which one was on the wrong side of the road, each regarding that as the crucial test of whose act had constituted negligence and a proximate cause of the collision.

There is further no doubt in this court's mind—without undertaking to restate or even recapitulate it—that the jury's favorable answers to the appellee upon each and all of the details of this determinative question were further supported by the evidence; in other words, the cause was tried out below upon that theory, and notwithstanding the number of other theories appellant ably urges on the appeal, this court is unable to see eye to eye with it on any of them; it attacks the special issues on many grounds as not being properly submitted, as being evidentiary rather than ultimate in character, as being upon the weight of the evidence, as assuming facts not testified to, as not involving an ultimate fact-issue, either upon the material questions of unavoidable accident, or new and independent cause thereof, along with a number of other complaints.

To the contrary of these contentions, as indicated, the issues so given and determined are thought to have embodied all the really material fact-questions the pleadings and evidence called for; there was no evidence raising any issues of unavoidable accident, or of new and independent cause of this collision; on the other hand, it was a clear-cut case of the negligence of one or the other of the two participating parties having caused it, and that too as finally referable to which one of them in fact did the particular and fateful thing, towit, negligently operated his car on his own left-hand, or wrong side, of the black stripe down the center of the highway, that must inevitably—perforce of the other attending circumstances so found by the jury—have constituted not only a but the sole proximate cause of the resulting smash-up; there was no testimony of there being another even potentially proximate cause—wherefore it becomes self-evident that "the twain would never have met", had each been on his own right-hand side as he claimed.

There was in consequence, further, no material nor ultimate issue raised as to whether or not appellant had the lawful right to drive its truck and trailer upon the left-hand side of that stripe in passing an overtaken vehicle, as it earnestly urges, because the conclusive if not undisputed evidence (including that of its own driver) showed that, in advance of this collision, its truck and trailer had already passed the overtaken Ford, and there is no evidence that it did not still have ample space and time within which to pull back on its own right-hand side of the highway and thereby avoid the accident. Appellant says on page 4 of its opening statement: "Appellant had more than 50 yards unobstructed space between its truck and appellee's car when said truck pulled around said Model T. Ford onto said truck's left of the middle line of the road * * *."

■ Its established if not admitted conduct in so driving its trailer on the wrong side, therefore, amounted to negligence per se, constituting a violation of Penal Code, Article 801 (A), (B), (D), and (K), which dereliction the appellee (in the conduct and circumstances the jury found him in) was not required to anticipate. Tarry Warehouse & Storage Co. v. Price, Tex. Civ.App., 76 S.W.2d 162; Orange & N. W. R. Co. v. Harris, 127 Tex. 13, 89 S.W.2d 973, 974; Ex parte Williams, 128 Tex.Cr.R. 148, 79 S.W.2d 325, 326; Texas Company v. Betterton, 126 Tex. 359, 88 S.W.2d 1039, 1040; Texas & P. R. Co. v. Baker, Tex.Com.App., 215 S.W. 556.

■ Appellant's belated undertaking, for the first time on the appeal, to account for this laggard position of its trailer—athwart the black center stripe, hence on appellee's rightful side of it—by the claim that the Ford it overtook speeded up from 10 to some 20 or more miles per hour while its truck was passing, is inept for the further reason that there is no such testimony; it follows that request for an issue upon that hypothesis was properly refused. Both sides have accommodatingly furnished question-and-answer copies of the entire testimony upon this detail, a close inspection of which discloses that no witness testified to any such speeding up; there was at most a mere difference in estimate between them as to the initial speed of the Ford, no one of them, not even the Ford driver himself, having undertaken to testify that that speed had been at all increased while the appellant's truck was in the act of getting around and back in front of it again.

■ There was no prejudicial error in the court's having submitted appellant's requested special issues, after reading its main charge to the jury, and stating that they were given at appellant's request; in the particular circumstances shown, it was not an unusual nor improper practice. St. Louis S. W. Ry. Co. v. Cleland, 50 Tex.Civ.App. 499, 110 S.W. 122; Allison v. Arlington Heights Realty Co., Tex. Civ.App., 164 S.W. 1033, 1035.

■ ·Neither, it is thought, was there any such error in the court's overruling of appellant's motion to adjourn the trial to allow its physicians to examine appellee's person—at that stage of the trial and under the other conditions obtaining when it was presented—the bill of exceptions upon this feature plainly indicating that no injury reasonably or probably resulted to the appellant from such refusal. Kenney v. La Grone, Tex.Civ.App., 62 S.W. 2d 600; Houston & T. C. Ry. Co. v. Anglin, 99 Tex. 349, 89 S.W. 966, 2 L.R.A., N.S., 386; Chicago, etc., R. Co. v. Langston, 19 Tex.Civ.App. 568, 47 S.W. 1027, 48 S.W. 610.

Some of the reasons for this conclusion appear from this summary of the attending facts in the appellee's brief, without its recitations having been successfully controverted by the opposing litigant:

"No affidavit or other evidence was offered in support of the motion. No excuse was offered for it not having been made sooner. No showing of necessity was made for the demands of the motion for postponement of the trial, or optional removal of appellee to another county, or otherwise, and no excuse was offered for failure to have doctors present to examine the X-ray pictures, or appellee's scars, or visible injured parts, in the presence of the court and jury before the trial ended."

Misconduct of the jury while deliberating over and prior to having agreed upon its verdict was charged in the motion for new trial, in two respects; (1) In having so improperly discussed what attorney's fees the appellee would probably have to pay out of the amount awarded him for prosecuting this suit; (2) in having, at the beginning of their deliberation, and before answering the issues of fact submitted by the court to them, agreed among themselves that they would give appellee a favorable verdict.

■ The learned trial court, after a very thorough and full hearing of all the evidence pro and con either party had to offer upon these charges, overruled such motion, and it has not been made to appear here that such action in any respect was violative of a sound judicial discretion; indeed, this court must assume, under the record as presented here, that the facts were found to be against each of these presentments; there is accordingly little left for discussion on this phase of the cause.

■ There but remain presentments urging excess in expenses, as well as in the amount for compensation for his injuries, allowed the appellee by the verdict; there seems to this court to be nothing improper in the amounts finally allowed on either score; the remittitur, in its opinion, cured any unjustified expense items that may have first existed, while the remaining balance of $5,000 to the appellee for his physical and mental pain and suffering, past and future, lost earnings, and diminished capacity to earn in the future—all as a result of the injuries inflicted upon him in this collision—was not only not excessive, but, on the contrary, quite conservative; therefore, such an award in the circumstances does not shock the conscience of this appellate court, which conclusion leaves the assessment of it as having been well within the province of the jury and the trial court.

St. Louis S. W. Ry. Co. v. Freedman, 18 Tex.Civ.App. 553, 46 S.W. 101; Houston Electric Co. v. Potter, Tex.Civ.App., 51 S.W.2d 754; Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993, Ann.Cas.1918D, 1203; Fort Worth & D. C. Ry. Co. v. Smithers, Tex.Civ.App., 228 S.W. 637.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.

PLEASANTS, C. J., absent.

On Motion for Rehearing.

GRAVES, Justice.

Through 60 type-written pages, featuring 31 declared-upon grounds, appellant in an able motion for rehearing urges error in the original disposition of this cause, especially and at length urging these contentions: (1) That the issue of unavoidable accident was raised; (2) that the trial court reversibly erred in not defining the term "new or independent cause", as used by it in preliminarily defining "proximate cause", along with other terms used in its charge; (3) in not giving its requested special issues Nos. 28 and 29, seeking to further inquire—in addition to all the given issues designed to elicit whether the appellee had been in any material respect contributorily negligent—whether, in attempting to pass the truck, he had failed to exercise ordinary care to give way to his right-hand side of the road and operate his automobile as near the right-hand edge thereof as reasonably possible.

After another laborious examination of this extended record and statement of facts, this court is contrained to adhere to its former decision as having been correct; in then overruling these earnestly reiterated contentions, it did so upon the expressly stated conclusion that the undoubted theory of both sides upon which the cause was tried, and the evidence severally offered in support thereof, did not justify any of them—and not, as appellant apparently assumes, upon any legal illusion that the subsequent findings of the jury settled them adversely to it, as is instanced in such cases as Northern Texas Traction Co. v. Woodall, Tex.Com.App., 299 S.W. 220, Montrief v. Bragg, Tex.Com.App., 2 S.W. 2d 276, and Davis v. Estes, Tex.Com.App., 44 S.W.2d 952.

Upon the contrary, in appraising the composite effect of the evidence as a whole, with especial reference to this claim of the presence of unavoidable accident, and in concluding rather that it completely excluded that defensive matter, this court was guided by the rule thus stated in Orange & N. W. R. Co. v. Harris, 127 Tex. 13, 89 S.W.2d 973, 974, cited in its original opinion:

"An unavoidable accident is one which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party, by the use of means suggested by common prudence, it was not unavoidable."

To say that this accident could not have been prevented by either one or the other of the two parties to it by the use of means suggested by common prudence—that is, by each of them having remained on his own right-hand side of the black stripe in the center of that highway—is to belie the direct testimony of them both, iterated and reiterated throughout the whole gamut of their long examinations on the witness stand; in other words, it conclusively appears that if neither the one nor the other of them had been on his own left-hand side of the highway at the time, the collision would not and could not have happened; that being indisputably and unmistakably so, the inquiries were reduced to which one was so on his left-hand side, was he negligently there, and if so, did that negligence proximately cause the injuries to this appellee? Each driver, as originally found, and as is now confirmed from a re-examination of the whole body of the testimony, claimed that he was on the right-hand side, and that the other was on the left-hand side, and stuck to it throughout the trial before the jury, thus raising that as the clear-cut and controlling fact-issue in the case; wherefore, such being the uncontroverted facts asserted on both sides, there could not at the same time, in utter contradiction on the only evidence there was, have been presented "a' theory under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law." Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777, 779; Reilly v. Buster, Tex.Civ.App., 52 S.W.2d 521; Id., 125 Tex. 323, 82 S.W. 2d 931; Tarry Warehouse & Storage Co. v. Price, Tex.Civ.App., 76 S.W.2d 162;

Horton v. House, Tex.Civ.App., 13 S.W.2d 966, 969; Id., Tex.Com.App., 29 S.W.2d 984; International-G. N. R. Co. v. Lucas, 128 Tex. 480, 99 S.W.2d 297, 301, 100 S.W. 2d 97; Southland Greyhound Lines v. Dennison, Tex.Civ.App., 62 S.W.2d 500; 45 Corpus Juris, 735, 939.

The same and similar considerations outweigh the urge for prejudicial error in the use of this expression in the general part of the court's charge:

"The term 'proximate cause', as used herein, means that cause which in natural and continued sequence, unbroken by any new or independent cause, produces the result complained of," etc.

■ On original hearing here, appellant urged that the fact-issue of a new and independent cause of this collision was in the case and should have been, by its request, submitted to the jury as such, but predicated that claim mainly if not wholly upon the insistence that the Ford sedan its truck overtook had speeded up just at the moment the truck was passing it, which sudden and unexpected intervention of a third party's act furnished the new and independent cause it contended for; on this rehearing, however, in urging that in any event the trial court's undefined use of the term "new or independent cause" was error, it repeats that the evidence did raise the issue of a new and independent cause for the jury, but changes predicates for it, by now saying that the lights of appellant's two approaching trucks, as well as that of the Ford sedan, shining in the appellee's face, must have blinded him into getting upon his own left-hand side of the black stripe, which he might have done without negligence upon his part, thereby furnishing a new and independent cause for the accident within the meaning of the authorities it cites in that connection; this court, after careful search, finds no such evidence, wherefore that new theory rests alone upon appellant's belated surmise and suspicion; none of the witnesses so testified; on the contrary, the appellee, without contradiction, directly testified that he was not so blinded nor interfered with by any of such lights, but saw each of them plainly in turn, that the Ford sedan and appellant's second truck got properly off of his half of the highway, and that its first truck itself had likewise done so, but left its attached trailer athwart the black line on his side, which he did not see at all until it was too late to do anything about it.

■ Wherefore, no issue of "new or independent cause" having been properly raised, it was not error prejudicial to the appellant's rights for the learned trial court not to have further defined what was apparently a mere routine or incidental use of that term in its introductory definition of proximate cause; Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519; Reilly v. Buster, Tex.Civ.App., 52 S.W.2d 521, approved on question of new and independent cause by Texas Commission of Appeals, in 125 Tex. 323, 82 S.W.2d 931; J. Lee Vilbig & Co. v. Lucas, Tex.Civ. App., 23 S.W.2d 516, writ dismissed.

As concerns appellant's claim that such definition of the term was by law imperative anyway, notwithstanding there may have been no evidence raising the issue of "new or independent cause", citing in support thereof Texas & N. O. R. Co. v. Warden, 107 S.W.2d 451, by the El Paso Court of Civil Appeals, it may be said that, if it was there so held, that determination was not supported by the first Supreme Court decision upon which it was based— that is, Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60—which holds such definition necessary, only where the evidence raises that issue.

Neither does this court find any supporting evidence for requiring the jury to have been cross-examined upon whether or not the appellee negligently failed to get further to his right-hand side of the highway, in attempting to pass the truck; when the searchings already given the jury under the court's inquiries touching all phases of the issue as affected the appellee's conduct on the occasion are looked to, that is, special issues 10, 12, 14, requested special issues 2, 14, 20, 22, and 24, it seems clear that every defensive matter on that subject that had evidence of any probative force to support it was thereby adequately covered; no testimony was directed to the point here now claimed to have been developed as an ultimate fact-issue; as before indicated, each operator, without variation or shadow of turning, testified that he was entirely on his own right-hand side of the road at the time, and a vast amount of other evidence was heard on the question as to which side of the middle black line the collision occurred on— indeed, that was made the ultimate, the controlling issue, not only by the operators of the colliding vehicles themselves, but by the other testimony as well; the jury's

exclusive province was therefore properly invoked upon it.

Indeed, appellant's operator did not claim it was necessary for appellee to yield up more, or any part of the latter's right-hand side of the highway; on the contrary, his own insistence was that he would have had ample room, and that there would have been no collision, if the appellee had stayed anywhere on his own right-hand side of the black line—asserting only that appellee had encroached upon his (the truck driver's) right-hand side thereof, and had there collided with his trailer. That issue was submitted, and upon the evidence found favorably to the appellee; as this court sees it, it was clearly the ultimate fact-issue on that phase of this controversy.

The authorities upon this subject—touching the requirements, by law and decision, for travel upon the public highways of the state—were sufficiently cited in the original opinion and need not here be again pointed to. It is enough to say that, as those citations make manifest, a duty to remain upon his own side of such highway lay upon each of those operators at the time, and that whichever one violated it brought down upon his own head the consequences there denounced.

Without further discussion, under the final conclusion that the cause was fairly tried, and that the jury's verdict on sufficient evidence properly resolved all of the ultimate issues of fact raised by the pleadings and evidence, the motion for rehearing will be overruled.

Motion overruled.

PLEASANTS, C. J., absent.