## McLEAN v. HARGROVE.

### No. 5655.

Court of Civil Appeals of Texas. Texarkana.

Oct. 19, 1940.

Rehearing Denied Oct. 31, 1940.

J. A. Ward, of Mt. Pleasant, McLean & Scott, John E. McLean, and G. C. Johnson, all of Fort Worth, for appellant.

Phillips & Phillips and Nelson Phillips, Jr., all of Dallas, and Seb F. Caldwell and Hiram G. Brown, both of Mt. Pleasant, for appellee.

JOHNSON, Chief Justice.

This suit was filed by Mrs. Frances McLean Harris on June 23, 1936, against John Hargrove in trespass to try title to 415 acres of the John Levins and the J. M. Nugent Surveys in Titus County. She claimed an undivided one-half interest in the land as the daughter and sole heir of T. R. McLean, deceased. John Hargrove answered and made W. P. McLean individually and as administrator of the estate of T. R. McLean, deceased, a party to this suit. John Hargrove died in March 1937, and his widow, Mrs. Monnie Hargrove, was appointed administratrix of his estate. On December 29, 1937, she was granted leave to answer and defend the suit and to prosecute a cross-action

for the land in her own right and as administratrix of the estate of John Hargrove, deceased. In her first amended original answer Monnie Hargrove excepted to the prosecution of the suit by Frances McLean Harris because administration was pending upon the estate of T. R. McLean, deceased, of which W. P. McLean, Jr., was the legally appointed, qualified and acting administrator, and was acting at the time Frances McLean Harris filed her original petition and at all times since. The administrator, W. P. McLean, Jr., joined in this exception and same was by the court sustained. Monnie Hargrove's answer further contained a plea of not guilty and specially pleaded the 3, 5 and 10-year statute of limitation (R.S. Articles 5507, 5509, and 5510). In her first amended cross-bill Monnie Hargrove individually and as administratrix of the estate of John Hargrove, deceased, sued Frances McLean Spence (formerly Frances McLean Harris) and her husband, J. E. Spence, W. P. McLean, Jr., individually and as administrator of the estate of T. R. McLean, deceased, in statutory action of trespass to try title to the land. She further specially claimed to have acquired title by adverse possession under the 3, 5 and 10 year statute of limitation. W. P. McLean, Jr., as administrator of the estate of T. R. McLean, deceased, answered by plea of not guilty, and by way of cross-action pleaded that T. R. McLean and John Hargrove in 1907 entered into an equal partnership for the purpose of buying and selling lands for profit, which partnership continued to the death of T. R. McLean in 1920; that the land in controversy belonged to said partnership at the time T. R. McLean died; that in their purchase of the land in 1916 John Hargrove and T. R. McLean assumed the payment of a lien against same amounting to $4,400 and interest; that after T. R. McLean died John Hargrove permitted the lien to be foreclosed in 1924 and that John Hargrove purchased the land at such foreclosure sale, taking title in his own name; that by becoming a purchaser at said foreclosure sale, John Hargrove, the surviving partner of said partnership, as a matter of law, held the land in trust for said partnership. He prayed for judgment for an undivided one-half interest in the land, and that Mrs. Monnie Hargrove as administratrix of the estate of John Hargrove be required to give an accounting of said alleged partnership affairs between T. R. McLean and John Hargrove. W. P. McLean, Jr., individually, Mrs. Frances Spence and husband, J. E. Spence, answered by pleas of not guilty. Mrs. Monnie Hargrove individually and as administratrix of the estate of John Hargrove, deceased, in answer to said administrator's cross-action filed a supplemental plea denying under oath the alleged partnership and invoking the statute of four-year limitation (R.S. Article 5527) by way of special exception in bar of the prayer for accounting of the alleged partnership affairs, which exception was sustained by the court and to which action of the court W. P. McLean, Jr., excepted. The pleading in detail further alleged facts to the effect that the land in controversy was purchased by T. R. McLean and John Hargrove as joint owners, and was not owned or held by them as partners; that the lien against the land was duly and legally foreclosed by its holder in a suit against John Hargrove and W. P. McLean, Jr., as administrator of the estate of T. R. McLean, deceased; that at such public foreclosure sale John Hargrove in his own right and with his own funds purchased and acquired title to the property for which he paid the sum of $4,600 cash, same being community funds of himself and his wife, Monnie Hargrove; that in addition to the sheriff's deed John Hargrove received a conveyance from the owner of said vendor's and deed of trust liens of all its right, title and interest in the land; that by virtue of such purchase and conveyances John Hargrove took possession of the land in 1923, claiming to have acquired a good and perfect title thereto. The pleading further detailed facts not deemed necessary here to mention.

Trial of the cause before a jury resulted in a directed verdict and judgment in favor of Mrs. Monnie Hargrove individually and as administratrix of the estate of John Hargrove, deceased. W. P. McLean, Jr., individually and as administrator of the estate of T. R. McLean, deceased, has perfected an appeal from the order of the trial court overruling his motion for new trial.

Appellant's contention, in substance, is that at the time the land in question was conveyed to John Hargrove and T. R. McLean there existed between them a partnership agreement by the terms of which they were equal partners in the

business of buying and selling lands for profit; that the land in question was in fact a part of such partnership property; that the lien against the land of which payment was assumed as a part of the purchase price recited in the deed to T. R. McLean and John Hargrove was a partnership obligation; that the acts of John Hargrove, the surviving partner after the death of T. R. McLean, in suffering the lien to be foreclosed against himself and the administrator of the estate of T. R. McLean, deceased, and by becoming the purchaser at such foreclosure sale, had in law impressed the title thus acquired by him with a trust for the equal benefit of himself and the estate of T. R. McLean, deceased, and for that reason appellant as administrator of the estate of T. R. McLean, deceased, was entitled to recover one-half undivided interest in the land. It is not necessary for us to decide the correctness of appellant's contention in point of law; for it appears that the contention was not established in point of fact as to the alleged partnership between John Hargrove and T. R. McLean. As tending to show existence of the alleged partnership, appellant offered to read in evidence "as declarations against interest" the testimony of John Hargrove given in answer to oral interrogatories. The interrogatories and answers were offered to be read in evidence in connection with the following facts under which the testimony was shown to have been taken, in substance: On June 23, 1936, W. F. Weeks, attorney for plaintiff, Frances McLean Harris, filed with the clerk of the district court in which the suit was pending, notice of his intention to apply for a commission to take the oral deposition of the defendant, John Hargrove, before Burke Redfearn, Notary Public and Court Reporter, on July 9, 1936, a copy of which was issued by the clerk and same was by the sheriff of Titus County served upon John Hargrove. A commission was duly issued. In response to the notice, at the time and place named therein, John Hargrove appeared before said Redfearn. Hargrove was accompanied by his attorney, Seb F. Caldwell. W. F. Weeks and W. P. McLean, Jr., were present. John Hargrove through his attorney, Seb F. Caldwell, "objected to being required to give his testimony," and further raised the particular objection that Redfearn could not legally be a Notary Public and a Court Reporter at the same time. Redfearn was not a Notary

Public, whereupon W. F. Weeks got the district clerk to swear Hargrove. Before questioning Hargrove the parties taking his depositions agreed that Hargrove was not in any manner waiving any of his rights and could present his objections thereto when his testimony was offered in evidence upon trial of the case. Whereupon Hargrove was questioned at length by W. F. Weeks, and some by W. P. McLean, Jr., all of which questions were answered by Hargrove and taken down in shorthand by Redfearn, Court Reporter before whom the depositions were being taken.

For some reason not made clear in the record, the depositions were never completed. W. P. McLean, Jr., individually and as administrator of the estate of T. R. McLean, deceased, was made a party to the suit on September 29, 1936. John Hargrove died in March 1937. At the request of W. P. McLean, Jr., Redfearn transcribed the questions propounded to John Hargrove and the answers given by him, including the caption and agreement that John Hargrove had not waived any right of objection to the introduction of same in evidence, which instrument is referred to in the record as Exhibit D. John Hargrove did not sign Exhibit D, and it does not appear that same was ever presented to him for signing. Redfearn identified Exhibit D and testified that same was a true and correct transcription of the questions which he had heard W. F. Weeks and W. P. McLean, Jr., propound to John Hargrove and the answers made thereto by John Hargrove before Redfearn on July 9, 1936. Appellant further offered in evidence the testimony of several witnesses showing the facts and circumstances above summarized under which the testimony of John Hargrove was obtained. And appellant then offered "as declarations and admissions against the interest of John Hargrove" the questions propounded to and the answers made by him as set out in said transcript as Exhibit D, and asked permission to read same to the jury and have each question and answer identified by Mr. Redfearn as being identical with the questions propounded to and answers given by John Hargrove on the occasion in question. Appellee objected to the introduction of the testimony in evidence. Among the many alleged grounds set out in appellee's objections are the following,

stated in substance: That the testimony was procured under attempted compliance with the law requiring a party opponent to give his oral deposition but that the statutes with respect thereto were not substantially complied with sufficient to authorize introduction of the testimony in evidence; and having been given by John Hargrove not voluntarily but procured from him over his objection, and under compulsion of purported authority of law, the testimony was not admissible as declarations or admissions. To the action of the trial court in sustaining the objections appellant duly excepted and has assigned error.

▮ The trial court refused admission of the testimony in question under authority of Reilly v. Buster, 125 Tex. 323, 82 S.W.2d 931. We believe that his ruling was correct. In that case, as in this case, the oral depositions of a party opponent were taken, but the statutes authorizing them were not substantially complied with. In the Reilly case the trial court admitted the depositions in evidence, offered as deposition testimony. The Court of Civil Appeals, 52 S.W.2d 521, held that because not taken in substantial compliance with the statutes the testimony was not admissible as deposition testimony, but that same was admissible as admissions on the part of Reilly. Upon error to the Supreme Court it was held that admission of the testimony in evidence could not be sustained because same contained admissions on the part of Reilly against his interest. It is true, as contended by appellant, that the testimony of Reilly was "offered" as deposition testimony while the testimony of John Hargrove in the present case was "offered" as admissions against interest. The fact that the testimony of Hargrove was offered as admissions does not make it admissible as such. The law as declared in the Reilly case is to the effect that, other than admissions voluntarily made by a party opponent, the statutory method of procuring his testimony is exclusive. The facts here show that the testimony of Hargrove was not voluntarily given, but was procured from him over his express objections and under compulsion of purported authority of law. There is no contention that the testimony was admissible as deposition testimony. We believe that the trial court correctly held that the testimony obtained in the circumstances here shown was not admissible as admissions. Reilly v. Buster, supra.

The judgment of the trial court is affirmed.