**MULLIGAN v. OMAR GASOLINE CO. et al.**
No. 1552—5875.

Commission of Appeals of Texas, Section A.
May 16, 1932.

Bullington, Boone, Humphrey & King, of Wichita Falls, for plaintiff in error.

Stewart L. Tatum, of Springfield, Ohio, and W. N. Bonner and Virgil Childress, both of Wichita Falls, for defendants in error.

Smoot & Smoot, of Wichita Falls, for intervener.

HARVEY, P. J.

This suit was brought by the plaintiff in error, Ed Mulligan, against the Omar Gasoline Company to recover a commission of 5 per cent. which Mulligan claims he earned as broker in bringing about a sale of the Omar Company's properties to the Texas Company. One Geo. W. Allen intervened in the suit. He asserted a claim which has been disposed of by the Court of Civil Appeals, and that branch of the suit is not before us, and need not be further noticed. As between Mulligan and the Omar Company, the case was tried to a jury on special issues, resulting in a judgment in favor of the former for the sum sued for. The Court of Civil Appeals reversed the judgment of the trial court in that respect, and remanded the cause. 33 S.W.(2d) 568.

The evidence discloses the following facts:

The Omar Company is a trust association, acting under a declaration of trust, with a board of trustees which is invested with the authority to appoint the officers and agents of the company, control its affairs, and effect sales of its property. The property of the

company consisted of what we shall call a gasoline manufacturing plant in Wichita county, Tex. For a number of years prior to December, 1927, and for about a year after that date, the company was engaged in the business of operating said plant in the manufacture and sale of gasoline; and G. A. Ritnour was the duly authorized general manager of the plant and of said business. None of the trustees of the company, except Ritnour, ever resided in Texas. Ritnour, however, made weekly reports to the board of trustees, concerning the business. In December, 1927, Ritnour engaged Mulligan to find a purchaser of the company's manufacturing plant, at the price of $450,000; Mulligan's commission to be 5 per cent. of the purchase price. Mulligan immediately got in touch with Adams, a representative of the Texas Company, and interested him in the proposed sale. A few days later he introduced Adams to Ritnour, and, in the conversation, Adams, in behalf of the Texas Company, offered $300,000 for the property. This offer was refused by Ritnour. During the succeeding months, up to late summer or early fall of the year 1928, Mulligan, according to his testimony, kept up his negotiations with Adams, in the effort to induce him to advise the Texas Company to purchase the property at the price of $450,000, but did not succeed in the effort. Mulligan testified that during all this time Ritnour knew of his negotiations with Adams. In the latter part of the summer or early fall of 1928 the president of the Omar Company, who resided in Ohio, came to Wichita Falls, and he and Ritnour initiated independent negotiations with the Texas Company looking to the sale of the properties of the company, which negotiations resulted in a sale by the Omar Company to the Texas Company of all said properties of the former company, for the sum of $360,000. Mulligan claims that he was the procuring cause of said sale, and seeks to recover 5 per cent. of the above amount, as his commission.

■■ In answer to a special issue on the subject, the jury found, in effect, that Ritnour had actual authority from the Omar Company to make the contract he did with Mulligan. The trial court instructed the jury that, in the event they found Ritnour had actual authority in that respect, they need not consider the question of apparent authority. Actual authority, of course, may be either express or implied. The Court of Civil Appeals found, in effect, that there is no evidence raising the issue of actual authority in Ritnour to make said contract, and the judgment of that court reversing the trial court's judgment, and remanding the cause, is based partly on that ground. Although we are satisfied that the evidence contained in the record raises the fact issue of Ritnour having authority from the Omar Company to make the contract he did with Mulligan, the judgment of the Court of Civil

Appeals reversing and remanding the cause, on the ground that there is no evidence raising such issue, must be respected. It is well settled that, where the Court of Civil Appeals enters judgment of reversal and remand on the ground that there is no evidence to support a jury finding on a material issue, such judgment cannot be disturbed by the Supreme Court. Maddox Motor Co. v. Ford Motor Co. (Tex. Com. App.) 23 S.W.(2d) 333; Marshburn v. Stewart, 113 Tex. 507, 254 S. W. 942, 260 S. W. 565.

The Court of Civil Appeals erroneously held that the special issues submitted to the jury, which bear on the question as to whether or not Mulligan was the procuring cause of said sale to the Texas Company, were insufficient. In our opinion the objections urged by the Omar Company, and upon which the above holding of the Court of Civil Appeals is based, were properly overruled by the trial court.

■ The ruling of the Court of Civil Appeals to the effect that the trial court erred in refusing to take as confessed certain interrogatories which had been propounded by the Omar Company to Mulligan is erroneous. The facts relating to this matter are substantially as follows: Prior to the commencement of the trial in the court below, counsel for the Omar Company prepared a number of interrogatories to be propounded to Mulligan. Counsel went to the district clerk's office, and procured the issuance of a commission to take the depositions of Mulligan in answer to said interrogatories. He had the clerk to attach the commission to the paper containing the interrogatories. He then took the commission, with said paper attached, and placed it in the hands of a notary, for the purpose of having the notary take the depositions of Mulligan. The latter was notified by the notary to appear and answer said interrogatories. Mulligan requested that the notary allow him and his attorney to make a preliminary examination of said interrogatories, or, in the alternative, that a copy of the interrogatories be deposited with the district clerk so that same would be available to Mulligan and his attorney, or that his attorney be allowed to be present while the depositions were being taken. The notary refused these requests. Mulligan thereupon refused to answer said interrogatories, and the notary made regular return thereof, together with the commission, and his certificate showing Mulligan's refusal to answer. We think that, under these circumstances, Mulligan's refusal to answer said interrogatories was justified, and that the interrogatories ought not be taken as confessed. The interrogatories upon which a party to a suit may examine the opposing party, as a witness, is, by the express terms of the statute, required to be "filed in the cause." R. S. art. 3769, subd. 1. In view of the fact that Mulligan

was refused access to the paper containing the interrogatories in question, for the purpose of examining its contents, we are of the opinion that said paper should not be treated as having been "filed in the cause," as contemplated by the statutes.

For the sole reason that the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause, because of the finding by the former court that there was no evidence to show that Ritnour's contract with Mulligan was authorized by the Omar Company, we recommend that said judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals, reversing the judgment of the district court, is affirmed, as recommended by the Commission of Appeals.