## MULLIGAN v. OMAR GASOLINE CO. et al.
### Motion No. 10557; No. 1552—5875.

Commission of Appeals of Texas, Section A.
Feb. 15, 1933.

HARVEY, P. J.

The plaintiff in error, Ed Mulligan, has filed a motion to so retax the costs incurred in the above cause, both in the Court of Civil Appeals and in the Supreme Court, so as to charge the defendant in error, Omar Gasoline Company, with payment of the costs incurred in both courts, for the following reasons:

The suit of Mulligan is based primarily on a contract alleged to have been made by the Omar Company through its duly authorized agent, G. A. Ritnour. In the trial court the jury found, in answer to a special issue submitted to them, that Ritnour had authority to make said contract in behalf of said company; and judgment being rendered against the company, the latter appealed to the Court of Civil Appeals. 33 S.W.(2d) 568. The latter court held, in effect, that there was no evi-

dence to support the finding of the jury in the respect stated, and entered judgment of reversal and remand, based partly on that ground. Mulligan brought the case to the Supreme Court on writ of error. This section of the Commission held that all the rulings of the Court of Civil Appeals, upon which its judgment of reversal and remand was based, were erroneous; but that since the ruling to the effect that there was no evidence to support the jury finding, in the respect stated above, inferentially involved the question of sufficiency of the evidence to sustain such finding, the Supreme Court was without jurisdiction to set aside the judgment of reversal and remand which the Court of Civil Appeals had entered. See original opinion, Mulligan v. Omar Gasoline Company (Tex. Com. App.) 49 S.W.(2d) 706.

It thus appears that, to the extent that the Supreme Court had jurisdiction to review the several rulings of the Court of Civil Appeals, Mulligan obtained all relief sought by him in his petition for writ of error, and is therefore entitled to recover all costs incurred in the Supreme Court. He is not entitled, however, to recover the costs incurred in the Court of Civil Appeals, for the reason that said court reversed the judgment he obtained in the trial court, and remanded the cause, and that judgment of reversal and remand still stands.

We recommend that, with respect to costs incurred in the Supreme Court, the motion to retax costs be granted, but that in all other respects the motion be overruled.