BESTEIRO et al. v. BESTEIRO et al.
No. 1699—6217.

Commission of Appeals of Texas, Section A.
Nov. 28, 1933.

Seabury, George & Taylor and H. L. Yates, all of Brownsville, for plaintiffs in error.

J. T. Canales, of Brownsville, and Cofer & Cofer, of Austin, for defendants in error.

CRITZ, Judge.

This suit was filed in the district court of Cameron county, Tex., by Martin Besteiro et al. against Maria Inez Besteiro et al. to set aside a certain deed executed by Julia Perez de Besteiro to Maria Inez Besteiro. Trial in the district court with a jury resulted in a verdict and judgment for Martin Besteiro et al. On appeal by Maria Inez Besteiro to the Court of Civil Appeals, this judgment was reversed and judgment rendered for Maria Inez Besteiro. 45 S.W.(2d) 379, 380. Martin Besteiro et al. bring error. We here call attention to the fact that this is the second appeal of this case. The opinion of the Court of Civil Appeals in the former appeal is reported at 18 S.W.(2d) 829. That appeal did not reach the Supreme Court.

On May 24, 1918, Julia Perez de Besteiro, a widow, was the owner of a considerable

estate, consisting of real and personal property located in Cameron county, Tex. At that time her heirs consisted of three daughters and four sons. One of these daughters, Eustolia Besteiro de Diego, was married and lived with her husband and apart from her mother. The other two daughters, Maria Inez Besteiro and Rosalia Besteiro, were unmarried and resided with their mother. The four sons all lived apart from their mother.

On the date above mentioned, Julia Perez de Besteiro, hereafter called the mother, executed and delivered to her daughter, Maria Inez, a deed, the legal effect of which was to convey to such grantee substantially all of the property, real and personal, then owned by the mother. The consideration recited in the above deed was that the grantee should take care of the mother during her life and provide her (the mother) with a Christian burial at her death, and also that such grantee should provide for Rosalia Besteiro until she (Rosalia) should marry.

The above deed was duly delivered and filed for record on the day that it was executed. The mother continued to reside with the two unmarried daughters at the family home until she died some ten years later, in 1928. Maria Inez, the grantee in the deed, in all things complied with its terms by caring for the mother until her death, and by giving for her a Christian burial. Also Maria Inez in all things complied with the terms of the deed which required her to provide for Rosalia until her (Rosalia's) marriage, which occurred shortly after the death of the mother.

The mother died in January, 1928, and on March 19, 1928, the four sons and the daughter, Eustolia, joined by her husband, brought this suit against the daughters, Maria Inez and Rosalia, and Rosalia's husband, in form of trespass to try title and to set aside the above deed.

The Court of Civil Appeals very aptly states the plaintiffs' alleged ground of recovery as follows: "The ground upon which the deed was sought to be canceled and set aside was that for many years prior to and at the time of the execution of the deed, and continuously up to the time of the death of Julia Besteiro, deceased, on the 26th day of January, 1928, Julia Perez de Besteiro was a very old woman, feeble in mind and body, suffering from diseases that rendered her weak mentally and peculiarly subject to the power of suggestion, and easily controlled and influenced by those associated with her, and that Maria Besteiro and Rosalia Besteiro, prior to her marriage, had lived constantly for many years prior to the execution of the deed and continuously up to the death of the old lady, with their mother, and by reason of undue influence exercised prior to the execution of the deed, at the time thereof, and continuously up to the death of the old woman, on the part of Maria Besteiro and Rosalia Besteiro, the mother was caused to execute and deliver the deed and to remain inactive up until the time of her death; and by reason thereof the deed was null and void."

The defendant Rosalia disclaimed any interest in the property. The defendant Maria Inez denied any undue influence either by herself, or her sister, Rosalia, and pleaded the five and four year statutes of limitation (Rev. St. 1925, arts. 5509, 5520).

The case was submitted to a jury in the trial court on two special issues, which issues and the answers thereto are as follows:

" 'Did Julia Perez de Besteiro, deceased, execute and deliver the deed now in evidence before you by reason of undue influence, if any; exercised by Maria Inez Besteiro and Rosalia Besteiro, or either of them? You will answer this question "Yes" or "No." To which the jury answered, "Yes." '

" 'Did such undue influence continue to operate on the mind of said Julia Perez de Besteiro after the execution of said instrument, and if yes, for what length of time?' To which the jury answered, 'Up to the day of her death.' "

At this point we pause to call attention to the fact that the issue of undue influence was submitted in the disjunctive. However, the charge was not excepted to by either party, and we are not able to say that it amounts to no verdict at all. At any rate no assignment presents this question.

The trial court construed the above verdict as a finding that the deed in question here was the result of undue influence on the part of Maria Inez Besteiro and Rosalia Besteiro, or one of them, and entered a judgment accordingly. On appeal the Court of Civil Appeals reversed and rendered this judgment; holding that the record contains no evidence of probative force sustaining the same. We shall later determine that question, but, before doing so, we deem it proper to announce certain rules of law which must govern such determination. They are as follows:

(1) "The judgments of the Courts of Civil Appeals shall be conclusive in all cases on the facts of the case." Article 1820, R. C. S. 1925.

█ (2) Under the above statute it is within the peculiar province of the Court of Civil Appeals to determine the sufficiency of the evidence to support a jury's finding. Sommers v. Stout (Tex. Com. App.) 44 S.W.(2d) 901; Texas & P. Ry. Co. v. Baldwin (Tex. Com. App.) 44 S.W.(2d) 909; Gray v. Kaliski (Tex. Com. App.) 45 S.W.(2d) 157; Id. (Tex. Com. App.) 47 S.W.(2d) 276; Mulligan v. Omar Gasoline Co. (Tex. Com. App.) 49 S.W.(2d) 706; Texas Power Corporation v. Kuehler

(Tex. Com. App.) 52 S. W. 76; Damon v. State (Tex. Com. App.) 52 S.W.(2d) 368; Coffman v. Gulf, C. & S. F. Ry. Co. (Tex. Com. App.) 23 S.W.(2d) 304; Maddox Motor Co. v. Ford Motor Co. (Tex. Com. App.) 23 S.W.(2d) 333; Gilley v. Aetna Life Ins. Co. (Tex. Com. App.) 35 S.W.(2d) 136; Thompson v. First M. E. Church of Dallas (Tex. Com. App.) 41 S.W.(2d) 33; Neches Canal Co. v. Dishman (Tex. Com. App.) 44 S.W.(2d) 955; Texas Employers' Ins. Ass'n v. Chocolate Shop (Tex. Com. App.) 44 S.W.(2d) 989. The above authorities could be multiplied many times, but they are sufficient to demonstrate that the rule above announced is absolutely established.

(3) While it is within the peculiar province of the Court of Civil Appeals to determine the sufficiency of facts under article 1820, supra, it does not lie within the power of that court to conclusively determine the facts of any case that was tried in the court below on conflicting evidence. In such a case the fact finding of an appellate court cannot be substituted in place of that of a jury. Choate v. S. A. & A. P. Ry. Co., 91 Tex. 406, 44 S. W. 69; Brown v. City Service Co. (Tex. Com. App.) 245 S. W. 656.

(4) It follows from the above rules that, where the Court of Civil Appeals finds the evidence insufficient to support a verdict and judgment and remands the case for another trial, such finding is conclusive on the Supreme Court. This rule is carried to the extent of holding that, where the Court of Civil Appeals finds that there are no facts to sustain a judgment and remands the case for another trial, such finding will be treated as equivalent to a finding of insufficiency, where the Supreme Court holds that there are some facts to sustain the judgment of the trial court. Tweed v. Western Union Tel. Co., 107 Tex. 247, 166 S. W. 696; Id., 107 Tex. 253, 177 S. W. 957; Choate v. S. A. & A. P. Ry. Co., 91 Tex. 406, 44 S. W. 69; Maddox Motor Co. v. Ford Motor Co. (Tex. Com. App.) 23 S.W.(2d) 333.

(5) Where the Court of Civil Appeals finds that there are no facts to support the judgment of the trial court and reverses and renders the cause, a question of law, and not of fact, is involved, and the Supreme Court has jurisdiction to review the holding of the Court of Civil Appeals as involving a question of law only. Wilson v. Dickon (Tex. Com. App.) 35 S.W.(2d) 701, and authorities there cited. Under this rule, where, on differing with the finding of fact of the trial court, the Court of Civil Appeals has rendered judgment, the Supreme Court, if it differs with the Court of Civil Appeals, may render a final judgment in favor of the successful party under its decision. Tex. Jur. vol. 3, p. 1189, No. 836, and notes. Also see authorities last above cited.

(6) In determining whether there are any facts to support the judgment of the trial court, the record should be viewed in its most favorable light to support the same.

(7) "It is well settled that, in order to avoid a will on the ground of undue influence, it must appear that the testator's free agency was destroyed, and that his will was overcome by excessive importunity, imposition, or fraud, so that the will does not, in fact, express his wishes as to the disposition of his property, but those of the persons exercising the influence." Trezevant v. Rains et al. (Tex. Sup.) 19 S. W. 567, 570. The same rule ought to be applied to the deed here involved.

(8) Undue influence can be established by circumstantial as well as direct testimony. Mayes v. Mayes (Tex. Civ. App.) 159 S. W. 919; Beadle v. McCrabb (Tex. Civ. App.) 199 S. W. 355; Holt v. Guerguin (Tex. Civ. App.) 156 S. W. 581; Leahy v. Timon (Tex. Civ. App.) 204 S. W. 1029; Id., 110 Tex. 73, 215 S. W. 951.

(9) The undue influence which will vitiate a will must be exercised at the time of its making. Holt v. Guerguin, supra. We think the same rule applies to the deed in question. In this connection we hold that, if there was evidence to show that either Maria Inez or Rosalia had unduly influenced the execution of this deed by acts done or things said prior to its execution, and that such acts done or things said operated unduly on the mother's mind, so as to destroy her free agency at the time the deed was actually executed, then it could be said in law that such undue influence was exercised at the time of the execution of the deed.

(10) Where a deed, otherwise valid, is attacked on the ground of undue influence, the burden is on the party making the attack to both plead and prove that such deed is the product of such influence.

At this point we pause to note that the contestants of this deed assert their rights herein only as heirs of their deceased mother. Such being the case, they were disqualified to testify to any transactions with, or statements made by, the deceased, unless called to testify thereto by the opposite party. Article 3716, R. C. S. 1925. In spite of this statutory rule, the opinion of the Court of Civil Appeals shows that certain of the contestants of this deed were allowed to testify, over the objection of the defendants in the trial court, to certain transactions with, and statements made by, the deceased in violation of the above statute. It appears that this action of the trial court was complained of and assigned as error in the motion for new trial in that court, but such assignment was not directly presented in appellant's

brief in the Court of Civil Appeals. The brief does contain properly briefed assignments to the effect that there is no evidence in the record to support the verdict and judgment.

In the above condition of the record we interpret the opinion of the Court of Civil Appeals to hold that, in passing on the assignment of no evidence, the testimony so admitted in violation of article 3716 should be treated by an appellate court as though admitted without objection. We further interpret the opinion of the Court of Civil Appeals to hold that evidence offered in violation of article 3716 has no probative force, even where admitted without objection.

■ We think it is the settled law of this state that testimony coming from witnesses disqualified to testify under article 3716 does have probative force where such testimony is not objected to at the proper time and for the proper reason by the opposite party. In other words, the statutory disqualification of the witness can be waived. Walker v. Fields (Tex. Com. App.) 247 S. W. 272, 273; Hein v. De Busk (Tex. Com. App.) 277 S. W. 1053; Hunt v. Garrett (Tex. Civ. App.) 275 S. W. 96, 110.

The question as to whether evidence admitted in violation of article 3716, supra, should be given probative force by an appellate court under the circumstances above detailed presents a matter of considerable difficulty. This is evident because it appears from the record we have detailed that the rights of plaintiff in error under the statute were not waived in the trial court, and the authorities above cited bear only on that question. At any rate, we leave this an open question because it is not necessary to decide it in this case, as will later appear in this opinion.

The Court of Civil Appeals has made a very comprehensive and fair statement of the evidence contained in the record bearing on the issue of undue influence, and in the interest of brevity we here refer to and adopt that portion of such opinion.

■ It is absolutely impossible for any court or law writer to lay down a hard and fast rule by which the legal sufficiency of facts to establish undue influence in the making of a deed can be measured. In this respect each individual case must stand on its own bottom. It is, however, certainly necessary for the attacking party to introduce some tangible and satisfactory proof, direct or circumstantial, that the grantor's free will has been overcome by the undue influence alleged, so that the deed does not in fact express his (grantor's) wishes, as to the disposition of his property, but the wishes of the person exercising the undue influence. When we come to test this case by this rule,

we are unable to find any tangible evidence in this record, direct or circumstantial, and we have read the entire statement of facts, showing, or tending to show, that either Maria Inez or Rosalia influenced the execution of this deed, either duly or unduly. In fact, we find no evidence in this record showing, or tending to show, that either of these women had anything to do with its execution. In this connection the undisputed testimony of Mr. Canales, a reputable attorney who drew the deed, shows that it was written at the mother's direct instance and request, and executed by her after it was carefully explained to her. The evidence of this witness shows that at the time the mother gave her reasons for making the deed, which are not shown to be untrue or unreasonable. The undisputed evidence further shows that the mother was of sound mind, and legally competent to make this deed at the time of its execution. She lived some ten years thereafter, and never at any time expressed by word or act any dissatisfaction with it, but at all times recognized it. On the other hand, she recognized it for the remainder of her life. Under such a record, we agree with the holding of the Court of Civil Appeals that there is no evidence sustaining the verdict and judgment of the trial court. In so holding, we have considered the testimony of the witnesses who testified in violation of article 3716.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.