## McKENZIE v. LEWIS et al.

No. 9990.

Court of Civil Appeals of Texas. San Antonio.

April 14, 1937.

Rehearing Denied May 19, 1937.

452

Subsequently, in November, 1934, Paillet died, and in July, 1935, W. E. McKenzie qualified as administrator of his estate. In the course of his administration McKenzie sold the two Kuhn collateral notes at a discount, and applied the proceeds of the sale on the Greenwood and Lewis $1,500 principal note, leaving a balance due on the latter obligation of $552.57. Subsequently, McKenzie, as administrator, brought this action against Greenwood and Lewis to recover the amount of said balance, and from a judgment denying any recovery to him, McKenzie has appealed. The trial was to the court, without a jury.

Appellees contested the suit upon the ground that they had paid the principal note, here sued on, by an agreement with Paillet, made in August, 1931, whereby the latter accepted the two collateral notes in full settlement and discharge of the principal obligation—that is, by accord and satisfaction.

It appears from the record that all the transactions between Paillet, the creditor, and Greenwood and Lewis, the debtors, were carried on between Paillet, on the one hand, and Judge W. B. Lewis, his personal attorney, in behalf of the firm of Greenwood and Lewis, on the other hand. It further appears that Paillet retained possession of both the principal and collateral notes until his death, when they passed into the possession of appellant, as administrator; that is to say, Paillet never canceled or surrendered the principal obligation to Greenwood and Lewis. And it further appears that the collateral notes, although indorsed in blank and assigned to Paillet purely as collateral, were never transferred, in writing, to Paillet, by Greenwood and Lewis.

Brown & Criss, of Harlingen, for appellant.

Myrick & Johnson, of Harlingen, for appellees.

SMITH, Chief Justice.

On July 30, 1930, Greenwood and Lewis, attorneys, delivered their promissory note, for $1,500, to their client, A. H. Paillet, together with two notes, both for $875, executed by W. H. Kuhn and secured by a second lien upon certain land belonging to Kuhn. The latter two notes, which had been transferred to Greenwood and Lewis by the payee, were indorsed in blank by them and assigned to Paillet, as collateral security for the $1,500 note.

Lewis testified that in August or September, 1931, he went out to the Kuhn premises given as security for the collateral notes; that he went out there for the purpose of selling the collateral notes to Paillet, the pledgee; that he was accompanied on this trip by Paillet; that Paillet and Kuhn walked all over the place, but the witness did not go with them over the place because of a physical infirmity; that before he went out to the Kuhn place with Paillet, he and his partner owned the two collateral notes, but that when he got back he and his partner did not own said notes; that their note to Paillet for $1,500, for which the collateral notes were security,

had been paid in full in August or September, 1931; that after the trip to the Kuhn place in August or September, 1931, Paillet owned said two collateral notes.

Appellant propounds only one assignment of error, which is to the effect that the judgment is invalid because it rests alone upon the uncorroborated testimony of Lewis, given in violation of the provisions of article 3716, R.S.1925, that in suits against administrators, etc., neither party shall be allowed to testify against others to transactions with, or statements by, the testator, etc., unless called to testify thereto by the opposite party. It is contended that the judgment rests solely upon the testimony of appellee Lewis concerning transactions with Paillet, the decedent, and that such testimony is within the prohibition of article 3716, and therefore, cannot be given effect to sustain a judgment based solely thereon.

■ Summarized, the testimony of Lewis was that he went to the Kuhn place with the decedent; that when he went to the Kuhn place he and his partner "owned" the collateral notes, and that when he came back from the Kuhn place they did not own said notes; that when he returned from the Kuhn place the decedent "owned" said notes; that the note sued on was "fully paid" at that time. Apparently this testimony was designed to supply proof of appellees' allegation that the principal note here sued on was settled in full by an agreement between appellees and the decedent, whereby the latter received and accepted the collateral notes in full settlement of the principal note. If that was the object, or implication, of the testimony, then clearly it was in contravention of the provisions of article 3716. 14 Tex.Jur. p. 327, § 543; Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 299, 239 S.W. 185; Madero v. Calzado (Tex.Civ.App.) 281 S.W. 328.

■ It is equally clear from the record, however, that appellant did not timely or efficiently object to Lewis' testimony upon the ground here asserted, that it contravened the prohibition in article 3716, and the appeal must be determined upon that premise. It is well settled that the right of a party to claim the benefits of the statutory rule against a party testifying concerning transactions with a decedent in such cases as this, may be waived by a failure to timely object to the admission of such testimony. 14 Tex.Jur. p. 329, § 544; Diaz v. U. S., 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, Ann.Cas.1913C, 1138; Besteiro v. Besteiro (Tex.Com. App.) 65 S.W.(2d) 759; Hein v. De Busk (Tex.Com.App.) 277 S.W. 1053; Senter v. Isham (Tex.Civ.App.) 263 S.W. 618; Hunt v. Garrett (Tex.Civ.App.) 275 S.W. 96, reversed on other grounds (Tex.Com.App.) 283 S.W. 489. This court, in an incidental conclusion, expressed an apparently contrary view in Besteiro v. Besteiro, 45 S.W. (2d) 379. The Supreme Court, through the Commission of Appeals, affirmed the judgment of this court in that case, but in doing so reiterated the rule that a party may waive his right to claim the benefit of the statutory inhibition, by failure to timely object to testimony concerning transactions with a decedent, although that court at the same time expressed doubt, and declined to decide, that such testimony, admitted without objection, should be given probative force by an appellate court in determining the sufficiency of evidence to support a judgment. 65 S.W.(2d) 759. The statement of this court, in that case, that incompetent testimony, whether admitted without objection, or not, should not be given probative force in determining the sufficiency of evidence to support a judgment, was based upon the opinion of the Supreme Court in Henry y. Phillips, 105 Tex. 459, 151 S.W. 533, 537. In that case the testimony was held to be incompetent because it was hearsay. In condemning it the Supreme Court said that: "While the admission of this testimony was not objected to by counsel for defendants, that fact would be important only in the event its admission was afterwards complained of as violative of a right reserved to defendants. Such incompetent testimony can never form the basis of a finding of facts in an appellate court, notwithstanding its presence in the record without objection. When the appellate court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force. The admission of such testimony is no talisman to give effect to that which is irrelevant and incompetent to sustain or deny a material issue in a case."

■ Appellant makes the point that testimony of the character here complained of

must be corroborated in order to give it probative force, but we know of no such rule. Corroboration, or lack of corroboration, might affect its sufficiency, but not its probative force.

Under the expressions of the Supreme Court in the Besteiro and Henry Cases, we are by no means certain that the testimony of Judge Lewis could be given any probative effect in this appeal, even if it had any inherent force, in view of appellant's assignment that that testimony, standing alone and unaided by any other evidence upon the sole issue in the case, will not support the judgment necessarily based solely thereon.

Be that as it may, however, the testimony of Lewis, summarized above, whether admitted over or without objection, and even if given its full face value, is wholly without probative force for any purpose, and proves and tends to prove no fact pertinent to appellees' defense of accord and satisfaction. That the witness went out to the Kuhn place with the decedent, and owned the collateral notes when he went out, and did not own them when he returned, and Paillet owned them when they returned, is not evidence of the pledgee's agreement to accept the collateral notes in full settlement of the pledgor's debt to him. Those isolated fragments furnish no aid in arriving at the ultimate fact upon which appellees based their defense to this suit.

It is true that the witness further testified that the note in suit was "fully paid" in August or September, 1931. This statement was made by the witness in connection with his recital of the incidents of his trip with the decedent to the Kuhn place, and could have no other effect than to raise a mere conjecture that the claimed payment was consummated by reason of the facts that when the witness went out to the Kuhn place he owned the collateral notes, but did not own them when he returned, and that the decedent owned them upon the witness' return. We do not believe that such remote inference could be given effect as evidence of the material fact that accord and satisfaction had been reached and consummated between the parties, in accordance with appellees' allegation.

There was no other evidence upon the issue of accord and satisfaction, unless it be vague testimony of another witness, that at one time Paillet sought, unsuccessfully, to induce others holding encumbrances upon the Kuhn land to join him in an effort to borrow money, upon the Kuhn obligations, from the Home Owners Loan Corporation. That testimony, considered separately, or in connection with Lewis' testimony, could raise not even a surmise in support of appellees' defense of accord and satisfaction.

Appellees' defense was one only of accord and satisfaction, based upon the allegation that appellees had paid the note sued on by an agreement with Paillet that he would and did take the collateral notes in full satisfaction of the principal note, here sued on. The case was pleaded and tried solely upon that theory, and appellees were restricted by law to that theory in their recovery. The evidence was wholly insufficient to establish that defense, and the judgment based thereon must fall.

Accordingly, the judgment is reversed, and as the case does not appear to have been fully developed on the facts, the cause will be remanded for another trial.