## TILLISON v. GRIFFIN.

### No. 2116.

Court of Civil Appeals of Texas. Eastland.

Feb. 28, 1941.

Blanton & Blanton, of Albany, for appellant.

J. Dell Barber, of Colorado City, for appellee.

LESLIE, Chief Justice.

This is an appeal from the judgment of the District Court based on the jury's answers to special issues that plaintiff, Tillison, take nothing by reason of his suit against the defendant, O. I. Griffin, for damages arising from injuries to the plaintiff's minor daughter, that caused her death, which plaintiff alleged was the proximate

result of the negligence of the defendant. The suit was predicated on the theory of attractive nuisance maintained by the defendant. Plaintiff appeals and the parties will be referred to as in the trial court.

By the first six propositions, and from different angles, the plaintiff challenges the correctness of the trial court's ruling in refusing to take as affirmatively confessed certain ex parte interrogatories which had been propounded by the plaintiff to the defendant who refused to answer the same under the circumstances herein considered.

All the questions here arising were duly presented to the trial court in a motion for a new trial and by that court considered and overruled.

The facts relating to the questions raised by these six propositions are in substance as follows: August 16, 1939, the plaintiff filed this suit. At the same time the District Clerk was caused to issue a commission directed to proper officers for the taking of the defendant's answers to a list of interrogatories then attached to the commission. At plaintiff's instance the commission and attached interrogatories were forwarded to D. B. Smith, a Notary Public, at Loraine, Texas, where the defendant Griffin also resided. Neither the original interrogatories nor a copy of the same were left "filed in the cause" and in the custody of the District Clerk. August 18, 1939, the Notary Public, to whom the commission and attached interrogatories had been delivered, issued a summons to the defendant Griffin to appear and answer the interrogatories, and by this first summons Griffin was commanded to appear at the Notary's office on August 18 at 2 p. m. to give his answers.

In response to this first summons, Griffin appeared in person and requested of the Notary Public that he and his attorney be permitted to see the questions, and, further, that his attorney be permitted to be present while the depositions were being taken. The Notary Public certifies that he refused such requests, but that he did postpone the date for taking the depositions until August 23, 1939, at 10 o'clock a. m. at his office. He further certifies that on the morning of August 22, 1939, at about 10 o'clock a. m., at the request of the plaintiff's attorney he (the Notary) "personally delivered to Mr. O. I. Griffin * * * the original of the attached summons" (the copy having been used for the first summons); that "at 2 p. m. on said date, O. I. Griffin and his attorney appeared before [him] and stated he was ready to answer said questions, but before he did so he would like to go over them with his attorney." What followed is stated in the Notary's certificate in this language:

"I refused to allow O. I. Griffin, or his attorney, to inspect said interrogatories, whereupon Mr. O. I. Griffin refused to answer said interrogatories and in accordance with the law I herewith certify his refusal to the District Court of Mitchell County, Texas, from which was issued the commission authorizing and directing me to take such deposition.

"Given under my hand and seal this 22nd day of August, 1939, at Loraine, Texas."

The contents of the summons issued August 22, 1939, were the same as that issued August 18, with the exception that the last summons referred to the fact that the first one had been issued for his appearance on August 18. The last summons was in part as follows, omitting formal parts:

"You were duly summoned before me on August 18, 1939 at 2 p. m. but you refused.

"You are warned that under the law: Neither you, your attorney, nor anyone else, is permitted to see the questions until I propound them to you. Your attorney is not allowed to be present. If you refuse to answer or evade the questions they will be taken as confessed against you. This is a party deposition taken under Art. 3769, R. S. and you are not entitled to have copies of the interrogatories served upon you.

"Unless you appear before me at the time designated above and answer the interrogatories I shall be forced to certify that you refused to answer the questions and return the commission and my certificate to the District Court of Mitchell County, Texas, and under the law the questions will be taken as confessed against you."

The unanswered interrogatories were duly deposited in the mail and conveyed to the District Clerk's office at Colorado, Texas, and they were there opened on the 31st day of October, 1939, at the request of Thomas L. Blanton, attorney for plaintiff. February 21, 1940, the defendant Griffin made a motion resisting the plaintiff's efforts to have the interrogatories accepted as confessed. This contest or motion was predicated upon different grounds, among them that the plaintiff did not file the original interrogatories with the District Clerk of the Court out of which the commission issued; that he did not file with said clerk

a copy of such interrogatories; that at the time of procuring the issuance of the commission the plaintiff in effect caused the list of questions to be attached to the commission and forwarded to the Notary Public who refused to permit either the defendant or his attorney to see and inspect the questions; that although the defendant did appear on August 18 and sought to see the questions with the view of answering them, the asking of the questions was postponed until August 23. That notwithstanding said postponement he was again by summons issued August 22 at the instance of plaintiff's counsel warned to appear on that day at 2 p. m. to answer the questions. That the defendant and his attorney went to the office of the District Clerk and there sought to see the interrogatories, or a copy thereof; that they were unable to see them, since none had been "filed in the cause" for the defendant's benefit. That prior to the time the Notary made his return of the depositions to the District Clerk, neither the defendant nor his attorney had been permitted to see the interrogatories, or a copy thereof.

It will be noted that the defendant by the verified written pleadings resisted the introduction of the interrogatories as confessed on various grounds. Also, through the progress of the trial the plaintiff's efforts to have said interrogatories accepted as affirmatively confessed were resisted and objected to by the defendant on the grounds in substance stated above. The defendant testified on the trial and was subjected to direct and cross examination.

The court heard the motion and objections resisting the introduction of the interrogatories as affirmatively confessed and sustained the same. We are of the opinion that the trial court was correct in the ruling. Obviously, the original interrogatories were attached to the commission and placed in the hands of the Notary Public. No copy of them was left in the custody of the District Clerk for inspection by the defendant or his attorney, and under the restrictions enforced by the Notary, neither the defendant nor his attorney was given any opportunity to see the questions before the defendant was required to answer them. Under such facts and circumstances it must be held that the interrogatories were not "filed in the cause" as required by Art. 3769, R.S.1925, as amended. The point was so decided in Mulligan v. Omar Gasoline Co., Tex.Com.App., 49 S. W.2d 706, 707, wherein it was held:

"The ruling of the Court of Civil Appeals to the effect that the trial court erred in refusing to take as confessed certain interrogatories which had been propounded by the Omar Company to Mulligan is erroneous. The facts relating to this matter are substantially as follows: Prior to the commencement of the trial in the court below, counsel for the Omar Company prepared a number of interrogatories to be propounded to Mulligan. Counsel went to the District Clerk's office, and procured the issuance of a commission to take the depositions of Mulligan in answer to said interrogatories. He had the clerk to attach the commission to the paper containing the interrogatories. He then took the commission, with said paper attached, and placed it in the hands of a notary, for the purpose of having the notary take the depositions of Mulligan. The latter was notified by the notary to appear and answer said interrogatories. Mulligan requested that the notary allow him and his attorney to make a preliminary examination of said interrogatories, or, in the alternative, that a copy of the interrogatories be deposited with the district clerk so that same would be available to Mulligan and his attorney, or that his attorney be allowed to be present while the depositions were being taken. The notary refused these requests. Mulligan thereupon refused to answer said interrogatories, and the notary made regular return thereof, together with the commission, and his certificate showing Mulligan's refusal to answer. We think that, under these circumstances, Mulligan's refusal to answer said interrogatories was justified, and that the interrogatories ought not be taken as confessed. The interrogatories upon which a party to a suit may examine the opposing party, as a witness, is, by the express terms of the statute, required to be 'filed in the cause.' R.S. art. 3769, subd. 1. In view of the fact that Mulligan was refused access to the paper containing the interrogatories in question, for the purpose of examining its contents, we are of the opinion that said paper should not be treated as having been 'filed in the cause,' as contemplated by the statutes."

The facts in Reilly v. Buster, et ux, 125 Tex. 323, 82 S.W.2d 931, 933, are in substance the same as those involved in the instant case. It was there held on a like question that: "Under the common law, a party-opponent was not compellable to be a witness at the demand of the other party.

It required statutory authority to enable one party to obtain the testimony of the other even at the trial. To meet this situation by Act of February 5, 1858, the Legislature made provision by which one party could examine the other party as a witness upon the trial of the case, and also by which one party could take the ex parte depositions of the other. This act is now in substance articles 3711 and 3769 of the Revised Statutes of 1925. Under the law as it has been since 1858, the ex parte depositions of a party to a suit could be taken without notice and without service of a copy of the interrogatories, but it was necessary to *file* the interrogatories in the cause before commission could issue; and it was necessary that the depositions be taken in pursuance of a commission. It is obvious that the requirement that the interrogatories be filed in the cause is a valuable one as far as the opposing party is concerned. Mulligan v. Omar Gasoline Co. ([Tex.] Com. [App.]) 49 S.W.(2d) 706; Farmers' & Merchants' Bank of Abilene v. Ivey (Tex.Civ.App.) 182 S.W. 706. The filing of the interrogatories took the place of notice."

It is disclosed by this record and is easily inferable therefrom, especially the certificate of the Notary attached to the returned interrogatories, that the conduct of the defendant in refusing to answer the questions was neither willful, nor done in a spirit of contempt for any due process of law pertaining to ex parte depositions. The plaintiff makes no showing to the contrary and these propositions are overruled.

■ The plaintiff makes the further point that if there be error in the manner of filing said interrogatories, still the defendant's motion resisting the introduction of the interrogatories as confessed should have been overruled as coming too late, since the defendant's refusal to answer the same had been certified to and filed at least one term of court preceding the one at which the trial was held, etc. The proposition appears to be based upon Art. 3765, R.S.1925, reading as follows: "When a deposition shall have been filed in a court at least one entire day before the day on which the case is called for trial, no objection to the form thereof, or to the manner of taking the same, shall be heard, unless such objections are in writing and notice thereof is given to the opposite counsel before the trial commences. Such objection shall be made and determined at the first term of the court after the deposition has been filed, and not thereafter."

We do not believe this statute has any application to the present situation dealing with ex parte interrogatories. The "deposition" referred to in the statute consists of both interrogatories and answers, while in the instant case nothing is involved but unanswered ex parte interrogatories. We think it was permissible for the defendant to resist the introduction of the interrogatories as confessed by the written pleadings herein referred to, as well as the objections made on each occasion when the plaintiff sought to have them accepted as testimony. Connell v. Nickey, Tex.Civ.App., 167 S.W. 313, writ refused.

■ The plaintiff presents other propositions attacking the sufficiency of the evidence to support the verdict of the jury. A careful examination of the testimony convinces us that the verdict is supported by the testimony and this court has no authority to set aside such verdict of the jury. These assignments being without merit, they are overruled.

For the reasons assigned, the judgment of the trial court is affirmed.