**HILL v. PARKER.**

No. 6524.

Court of Civil Appeals of Texas. Texarkana.

April 19, 1951.

Rehearing Denied May 10, 1951.

220

Abney, Abney. & Baldwin, Marshall, for appellant.·

Lane, Hall & Lane, Marshall, for appellee.

LINCOLN, Justice.

This appeal is from a judgment of the district court cancelling a mineral deed to lands in Harrison County, on the ground that such deed was executed as a result of undue influence and overreaching methods by the appellant upon appellee. Appellee is the surviving wife and sole heir at law of her former husband, J. H. Parker, who died August 29, 1936. In 1920, H. C. James et al. conveyed the mineral interest in the lands in controversy by an instrument in which the name of J. H. Parker, deceased, is shown to be the grantee. The deed was recorded in 1929. On the morning of September 15, 1948, appellant went to the home of appellee and demanded a conveyance from her to him of the mineral interest conveyed by the deed from James et al. to Parker. A deed from Mrs. Parker to appellant was executed in the afternoon of the same day, conveying to him an undivided one-half interest in said minerals. The suit was filed by Mrs. Parker to cancel the deed on September 29, 1948.

The trial court entered his findings of fact and conclusions of law. Briefly stated the court found that when appellant went to the home of appellee she was alone, that he told her he claimed an interest in the minerals in question, that her deceased husband was dishonest, that she knew he was dishonest, that he represented to her that he owned an interest in the property in question; that he returned to her home in the afternoon of the same day with an instrument prepared by appellant's wife, and appellee, who was alone with appellant at the time, signed it.

The court further found that at the time of the above transactions Mrs. Parker was in ill health, under care of a doctor; that the statements made to her by appellant and his claim to the property shocked her, that she was left in an almost hysterical state, that she had a fear that appellant would repeat such statements about her deceased husband in the future; that she was still under the influence of said statements when appellant returned with the deed that afternoon, and that by reason of said statements and expressed fear, there existed an undue influence which induced her to sign the deed appellant presented to her.

The court further found that said deed was executed without consideration; that when it was signed by appellee, the appellant told her that he hoped nothing ever came out of this transaction as a "contract without any consideration is no good"; and that appellant never had title to nor interest in the property. Additional findings were made but will be stated when applicable to the issues discussed. From all such findings of fact the trial court concluded that the execution of the deed by appellee in favor of appellant was induced by the exercise of undue influence and overreaching methods of appellant upon appellee, and entered judgment cancelling the deed.

■ Appellant challenges the findings of the court as not being supported by the evidence. We have carefully examined the record and in our opinion the evidence supports the findings and conclusions of the trial court. To repeat the testimony would in effect be a repetition of what we have stated as the findings of the court. Appellant's testimony in contradiction was substantially that in May or June, 1920, appellant bought and paid for the property with the view that the deed from James et al. would be made to a syndicate to be formed in Shreveport, La., and the

name of the grantee was left blank in the instrument; that the syndicate was never formed, that Parker had possession of the instrument and inserted his own name in the deed as grantee, and held title thereto for the use and benefit of Hill. It was upon the basis of this claim that he approached Mrs. Parker and obtained execution of the mineral deed conveying a one-half interest in the minerals to him. We must assume that the trial court gave consideration to the testimony of appellant. But the court also had before him the original deed from H. C. James and others to J. H. Parker, in 1920. From an inspection of that instrument the court found that the claim of appellant that Parker's name was inserted therein subsequent to the time it was left in Parker's possession is not substantiated by the evidence; that the original instrument shows the same character of type, ribbon and age in the name of J. H. Parker as the rest of the instrument. In the opinion of the trial court Parker's name as grantee "was written at or about the same time the original instrument was prepared." Said instrument has been sent to this court along with the record, and upon inspection of it we concur in the findings and conclusions of the trial court with respect to it.

■ The evidence shows that J. H. Parker died in August, 1936. Appellant testified he demanded conveyance from Parker, but was refused. For sixteen years appellant took no legal action against Parker to require a conveyance of, or to recover, the property. He then waited twelve years more after Parker's death before he made his claim and demand known to Mrs. Parker. During the entire twenty-eight years Mrs. Parker never had heard of appellant's claim. The trial court heard and saw the parties, both testifying as witnesses. It was the prerogative of the court to determine the facts proved, the credibility of the witnesses and the weight to be given to the testimony. Under well established rules of procedure, where there is evidence to support the findings and conclusions of the trial court on issues made by the evidence, we are not at liberty to disturb them.

■ Appellant urges that the pleadings of appellee were not sufficient to raise and present the issue of undue influence and overreaching. The petition alleged the execution of the deed from appellee to Hill, that no consideration was paid, that it was induced and procured by false and fraudulent representations, and because of the misconduct and undue influence practiced upon appellee by appellant. The petition also contains averments in keeping with the findings of the trial court. We believe these allegations are sufficient to admit the evidence upon which the court entered his findings of fact.

■ Appellant further urges that the facts found are not sufficient to constitute such undue influence as to authorize the cancellation of the deed. The courts of our state have expressed themselves many times on what constitutes undue influence. In Long v. Long et al., 133 Tex. 96, 125 S.W.2d 1034, 1035, we find one of the more recent expressions from the Supreme Court: "It is not possible to frame a definition of undue influence which embraces all forms and phases of the term. Every case is different from every other case, and must depend largely on its own facts and circumstances. Generally speaking, undue influence is such influence or dominion as exercised at the time, under the facts and circumstances of the case, which destroys the free agency of the testator, and substitutes in the place thereof the will of another. Undue influence has also been defined as that dominion acquired by one person over the mind of another which prevents the latter from exercising his discretion, and which destroys his free agency. Also, undue influence has been defined as 'that which compels the testator to do that which is against his will from fear, the desire of peace, or some feeling which he is unable to resist.' 42 Tex.Jur., p. 792, sec. 2, and authorities there cited."

The following additional authorities may be cited: Browning v. Nesting et al., Tex. Civ.App., 219 S.W.2d 712, writ refused N.R.E.; Stewart at al. v. Miller et al., Tex. Civ.App., 271 S.W. 311, writ refused; Besteiro et al. v. Besteiro et al., Tex.Com.App., 65 S.W.2d 759; Olds et al. v. Traylor, Tex.

Civ.App., 180 S.W.2d 511, writ refused. Some of the foregoing cases, like the Long case, arose upon execution of wills, but the rule as to undue influence in the execution of deeds is the same as in the case of wills. Guedry v. Jordan et ux., Tex. Civ.App., 268 S.W. 191. Under these and numerous other authorities we conclude that the court correctly concluded that the pleadings and evidence were sufficient to authorize the conclusion that the deed from Mrs. Parker to Hill was executed while she was laboring under undue influence and overreaching methods, and that the judgment correctly disposed of the issue.

We might say in passing that no exceptions were taken to the pleadings, and no question of their sufficiency was raised in the trial court. The petition contained an action in trespass to try title, and also contained allegations of fraud inducing the execution of the instrument. The trial court did not find nor conclude that fraud was the basis of the execution of the deed. The findings related to undue influence only. The findings further show that the suit was instituted for the cancellation of the mineral deed. The appellee makes the statement in her brief that it was agreed at the beginning of the trial that the trespass to try title allegations would not be urged and that the case would be tried upon the issue of cancellation alone. This statement is not challenged by appellant, and we may assume it is correct. Rule 419, Texas Rules of Civil Procedure. The record as a whole discloses that the case was tried upon the theory of cancellation, the only answer to which was a general denial. We believe the count of trespass to try title was abandoned, and that the finding of the court that "This suit was instituted by Betty Parker against C. D. Hill * * * seeking cancellation of a mineral deed * * * " is supported by the evidence. See Rules 67 and 90, T.R.C.P.

Appellant urges that no legal fraud was shown, and that a deed cannot be cancelled for want of consideration alone. There are some qualifications to the last statement, but it is not necessary to discuss them. The court, as already pointed out, did not cancel the deed for legal fraud nor for want or inadequacy of consideration alone. Evidence of misrepresentations made by appellant, and want of consideration, however, were pertinent to the ultimate issue of subversion of the will of Mrs. Parker. The fact that some elements of legal fraud, such as reliance upon misrepresentation of a material fact, and inducement thereby, are absent would not render evidence of such misrepresentation incompetent under the facts and circumstances of this case. Gandy v. Cameron State Bank, Tex.Civ.App., 2 S.W.2d 971, writ refused; 14 T.J. pp. 803, 807, 808; 20 Tex.Jur. p. 161; 29 Tex.Jur. p. 992, sec. 149.

Finding no error in the record, the judgment of the district court is affirmed.

Judgment affirmed.